George A. OTTO

v.

**HOUSTON BELT & TERMINAL RAIL-WAY COMPANY.**

Civ. A. No. 69–H–1193.

United States District Court,
S. D. Texas,
Houston Division.

Sept. 30, 1970.

Ben G. Levy, Houston, Tex., for plaintiff.

Tommy B. Duke, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., for defendant.

*Memorandum and Order:*

SINGLETON, District Judge.

Plaintiff, George A. Otto, had been employed by defendant, Houston Belt & Terminal Railway Company, as a railroad switchman for about five years when, on July 27, 1966, a criminal complaint was filed in Justice Court for Harris County, Texas. Essentially, the complaint accused plaintiff of the theft of two pieces of pipe. The complaint was later dismissed on August 30, 1966.

On October 20, 1966, defendant conducted an investigative hearing inquiring into the incident. This hearing was scheduled pursuant to a "Memorandum Agreement" between defendant and the Brotherhood of Railroad Trainmen, plaintiff's bargaining agent, which agreement sets forth the procedure for disciplining, suspending, and discharging defendant's employees. The hearing convened to determine whether plaintiff had violated Rule "N" of the Uniform Code of Operating Rules, which gov-

erned the conduct of plaintiff and other employees. Rule "N" provides in pertinent part, as follows:

"Employees who are careless of the safety of themselves and others, negligent, insubordinate, dishonest, immoral, quarrelsome or otherwise vicious, or who do not conduct themselves in such a manner and handle their personal obligations in such a way that their railroad will not be subject to criticism or loss of goodwill, will not be retained in service."

Plaintiff complains that, at the investigative hearing, he "was not allowed legal counsel, or even the representative of his choice; witnesses were not sworn * * *" and he further complains that the only evidence adduced against him was the fact of the criminal complaint and several newspaper clippings concerning plaintiff and the alleged offense.

Approximately one week after the hearing, plaintiff received a letter from defendant's Superintendent informing him that the evidence showed that he had violated Rule "N" and that for this reason he was dismissed from defendant's service. Thereafter, plaintiff appealed from the action taken by defendant. The issue of whether or not plaintiff had been unjustly dismissed from the company was submitted to a Public Law Board which was created and constituted in accordance with the Railway Labor Act, 45 U.S.C. § 151 et seq. (1964) (hereinafter referred to as the Act).

On November 20, 1967, Public Law Board No. 89, by a majority decision of the three-member Board denied plaintiff's claim. The Board said:

"We have examined [sic] transcript of the hearing and investigation and find no basis for a charge of prejudice or unfairness. There was ample evidence to find that the claimant violated Rule 'N' * * *. The Board

finds that dismissal of the claimant under these circumstances was not harsh, arbitrary or unjust."

On December 4, 1969, plaintiff brought suit in this Court predicating jurisdiction on 28 U.S.C. § 1331 (1966) and 28 U.S.C. § 1337 (1962).

Plaintiff alleges that he "was arbitrarily deprived by Defendant of a valuable property right, * * * the reasonable expectation of continued future employment, through a hearing so grossly inadequate * * * as to constitute a denial of due process of law in violation of the Fifth Amendment and also of § 3, First (j) of the Act (45 U.S.C. 153 First (j))."[1] In particular plaintiff contends that the hearing was inadequate in that: (1) plaintiff was denied the right to legal counsel or representation of his own choosing; (2) defendant relied upon the fact that a criminal complaint had been filed against plaintiff as proof of plaintiff's guilt of an offense; (3) Rule "N" for violation of which plaintiff was discharged is vague, indefinite, and without an ascertainable standard of guilt.

Presently, this cause is before the Court on defendant's motion to dismiss. Defendant contends that the complaint should be dismissed because: (1) it is barred by the statute of limitations; (2) the award of Public Law Board 89 is final and binding on the parties; and (3) plaintiff's contention of denial of due process and insufficient evidence do not under the circumstances of this case present claims upon which relief can be granted.

Section 153 First (r) provides:

"All actions at law based upon the provisions of this section shall be begun within two years from the time the cause of action accrued under the award of the division of the Adjustment Board, and not after." 45 U.S. C. § 153 First (r) (Supp.1970).

---

1. Section 153 First (j) provides: "Parties may be heard either in person, by counsel, or by other representatives, as they may respectively elect, and the several divisions of the Adjustment Board shall give due notice of all hearings to the employee or employees and the carrier or carriers involved in any dispute submitted to them."

The facts of the limitation issue have not been resolved (see letter of June 16, 1970, from plaintiff's attorney), but for the reasons stated in the balance of this opinion, the Court is of the opinion that defendant's motion to dismiss is well taken.

There is authority to the effect that a claim of denial of due process is not barred by limitations. See Gordon v. Eastern Air Lines, Inc., 268 F.Supp. 210 (W.D.Va.1967).[2] In *Gordon*, plaintiff was dismissed from his employment because of his "overall employment record and lack of responsibility as an employee." After various preliminary hearings and a final Board determination, plaintiff sought review in Federal District Court. He attacked the Board's decision on the merits contending that "any misconduct on his part which the Board could consider was not serious enough to justify his dismissal." He also contended that he had been denied due process by "certain alleged irregularities in the administrative procedure —the improper admission of his past employment record and the failure to advise him of his right to counsel in the original hearing on his discharge * * *."

After determining that a review on the merits was barred by limitations, the court went on to say:

"Notwithstanding the inability of a district court to review the present case on its merits, it is true that the Court may examine the administrative proceedings that have occurred to see whether plaintiff's due process rights have been violated." Id. at 214.

The *Gordon* court then went on to dismiss plaintiff's suit, pointing to the lim-

ited nature of district court review in these types of cases.

"Under the principles established by Gunther v. San Diego and Arizona Eastern Railway Co., 382 U.S. 257, 86 S.Ct. 368, 15 L.Ed.2d 308 (1965), a district court * * * should not set aside a decision of a system board of adjustment unless it is 'wholly baseless and without reason.'" Id. at 214.

Admittedly, judicial review of the merits of a Board decision is narrow.[3] But, whether such a standard of review should apply to a claim of denial of due process is questionable. Perhaps the *Gordon* case is better understood in light of the fact that plaintiff's allegations of denial of due process were directed at the shortcomings of a preliminary hearing rather than the proceedings before the Board.

In Edwards v. St. Louis-San Francisco R. R., 361 F.2d 946 (7th Cir.1956), *cited in* Gordon v. Eastern Air Lines, Inc., *supra*, 268 F.Supp. at 214, the court held that where the alleged denial of due process occurs during the initial hearing by the employer on railroad property rather than any proceedings before the Adjustment Board, the court is without jurisdiction to review the decision of the Adjustment Board.

"The provisions of the Railway Labor Act govern neither the procedure by which a carrier may discharge its employees nor the conduct of an investigation hearing on railroad property." I.D. at 953.

See also D'Elia v. New York, N. H. & H. R. R., 230 F.Supp. 912 (D.Conn.), aff'd, 338 F.2d 701 (2nd Cir.1964), for the proposition that as long as the final

---

2. Although this case involved a hearing before an airlines adjustment board, the court ruled that the Railway Labor Act applied. Therefore, this decision is pertinent to the case at hand.

3. In Gunther v. San Diego & A. E. R. R., 382 U.S. 257, 86 S.Ct. 368, 15 L.Ed.2d 308 (1965), the Supreme Court ruled that the decision of an Adjustment Board should not be set aside unless it was

wholly baseless and completely without reason. The courts should not preempt the function of the Adjustment Board by reviewing the Board's determination of the merits or by placing its own interpretation on a collective bargaining agreement. Thus, the court's review is limited to situations where the Board's procedures were lacking in due process or the Board's decision is wholly baseless and completely without reason.

hearing before the Board is impartial, the requirements of due process have been satisfied. "The Railway Labor Act does not empower the courts to enforce against railroads any prescribed procedure for investigating and discharging its employees, * * *" Brooks v. Chicago, R. I. & P. R. R., 177 F.2d 385, 386, 391 (8th Cir.1949).

It is equally clear that as long as the hearing before the Board is impartial and consistent with the requirements of due process, the Board's decision cannot be impugned just because it relies upon evidence adduced at the procedurally defective preliminary hearing. Edwards v. St. Louis-San Francisco R. R., *supra*.

█ Thus, this Court is forced to conclude that it is without jurisdiction to hear plaintiff's claim. He complains of the initial hearing held pursuant to the "Memorandum Agreement" between defendant and the union. He does not complain of the hearing before the Board. If plaintiff wishes to question the propriety of the initial hearing, his claim must be based on the provisions of the collective bargaining agreement relating to that subject.

> "The federal courts are not the guarantors of any rights of either labor or management at the initial hearing, either by force of the Constitution or the Railway Labor Act, for, as we have said, at that stage the dispute is between private parties and the applicable procedure for settling the dispute is governed by the contract between them." 361 F.2d at 954. (Footnote omitted.)

Plaintiff has made no contention that the hearing conducted by defendant violated the "Memorandum Agreement." If plaintiff were making such a contention, he would have had to previously present the contention to the Adjustment Board. Our review of that decision, being on the merits, would be governed by the extremely narrow standards of review followed in these cases. However, this line of discussion is academic, since plaintiff has not complained

█

of a violation of the collective bargaining agreement.

Therefore, for the reasons stated above, defendant's motion to dismiss should be, and it is hereby, granted.