

John Blake, pro se.

Robert G. Renner, U. S. Atty., and Stephen G. Palmer, Asst. U. S. Atty., Minneapolis, Minn., on brief for appellee.

Before GIBSON, and ROSS, Circuit Judges, and EISELE, District Judge.

PER CURIAM.

The petitioner, John Blake, currently an inmate confined at the Federal Correctional Institution at Sandstone, Minnesota, believes that he is being deprived of his federal civil and constitutional rights because prison officials require him to shave and cut his hair. His petition, heretofore filed in the District of Minnesota, sought injunctive relief, claiming a civil and constitutional right to the length, style and growth of his hair and the growing of a beard and moustache to suit his personal desires. The District Court, the Honorable Philip Neville, after holding an evidentiary hearing, denied relief. Blake v. Pryse, 315 F.Supp. 625 (D.Minn.1970). Petitioner appeals.

We think it evident that the regulation in question, however annoying it may be to petitioner personally, does not deprive him of any federal civil or constitutional right. Absent a deprivation of a constitutional right, the federal courts will not interfere with the administration of the prison system. The courts are not superwardens nor are the courts designed to function as administrative overseers of functions entrusted to the executive branch of government. The petitioner, a sentenced inmate, is under the general supervision and control of the Attorney General of the United States.

An individual upon incarceration loses certain personal freedoms and rights and is under a temporary duty to conform to reasonable institutional regulations. The courts will not interfere with prison regulations and discipline except in exceptional circumstances and those involving cruel and unusual punishment. We find neither here. The trial court's published opinion adequately deals with the issue in this case.

The judgment is affirmed.

George A. OTTO, Plaintiff-Appellant,

v.

HOUSTON BELT & TERMINAL RAILWAY COMPANY, Defendant-Appellee.

No. 71–1436

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 16, 1971.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Ben G. Levy, Houston, Tex., for plaintiff-appellant.

Tommy B. Duke, A. J. Harper, II, Houston, Tex., for defendant-appellee; Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., of counsel.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Affirmed.[1]  See Local Rule 21.[2]

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Francis Xavier KILDAY, Defendant-Appellant.**

**No. 71–1195.**

United States Court of Appeals, Fifth Circuit.

June 28, 1971.

Edward J. Witten, Jacksonville, Fla. (court-appointed), for defendant-appellant.

John L. Briggs, U. S. Atty., Rudy Hernandez, Asst. U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before COLEMAN, SIMPSON and RONEY, Circuit Judges.

PER CURIAM:

Sometime during the night of January 8, 1969, $363,051.13 disappeared from the vaults of the Barnett Bank Facility at the United States Naval Air Station in Jacksonville, Florida. Most of the money was later recovered in San Antonio, Texas, and in Argentina.

Francis Xavier Kilday now appeals his conviction, after a jury trial, of violations of 18 U.S.C. § 2113(b), 18 U.S.C. § 2314, and 18 U.S.C. § 371, statutes dealing with theft from a federally insured bank, transportation of the proceeds of such a theft, and conspiracy in connection with such offenses. Kilday was sentenced to serve a maximum of ten years, with credit for nineteen months spent under incarceration in Argentina.

The evidence of guilt, except for the testimony of appellant's brother, John J.

---

1. The decision below is reported as Otto v. Houston Belt & Terminal Railway Company, S.D.Tex.1970, 319 F.Supp. 262.

2. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.