**James R. DORSEY, Appellant,**

v.

**CHESAPEAKE AND OHIO RAILWAY COMPANY, a corporation, et al., Appellees.**

No. 72–1324.

United States Court of Appeals, Fourth Circuit.

Submitted Feb. 23, 1973.

Decided April 5, 1973.

Thornhill, Kennedy & Vaughan, Beckley, W. Va., and Jo B. Gardner, Monett, Mo., on brief, for appellant.

William C. Beatty, Huntington, W. Va., and Richard J. Bolen, Huntington, W. Va., on brief for appellees.

Before HAYNSWORTH, Chief Judge, BOREMAN, Senior Circuit Judge, and WIDENER, Circuit Judge.

PER CURIAM.

James R. Dorsey appeals from an order of the district court granting defendants' motion for summary judgment. Defendant railroad discharged him as a conductor on November 13, 1969 after a company Board of Inquiry found that he had violated a rule prohibiting the use of intoxicants by employees while on company property.

In his complaint, Dorsey claimed that his discharge violated the terms of his employment contract and deprived him of his employment and property without due process of law; that defendant railroad and the other named defendants conspired to so discharge him; and that such action was done with malice. Contending that his case was a wrongful discharge cause of action within the rule of Moore v. Illinois Central R. R., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089 (1941), Dorsey instituted this action in the district court without exhausting his remedies before the National Railroad Adjustment Board (NRAB). After this action was brought, the Supreme Court expressly overruled *Moore* and held in Andrews v. Louisville & Nashville R. R., 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972), that any railroad employee alleging a violation of the collective bargaining agreement must follow the administrative procedures set forth in the

Railway Labor Act, 45 U.S.C. § 151 et seq.

■ Dorsey acknowledges that *Andrews* requires exhaustion of administrative remedies in cases alleging only a common law breach of contract but contends that *Andrews* left undecided the question whether a wrongful discharge complaint alleging a constitutional violation should be exempted from the exhaustion requirement. Dorsey states that the Board of Inquiry which investigated his case denied him due process in several respects; specifically, he alleges that the Board conducted an improper investigation of the charge against him, held preliminary unrecorded meetings in violation of a contract provision requiring a complete record of all the evidence, and denied him the right to have a representative and to face his accusers. All of these alleged due process violations occurred during the initial hearing by the employer on railroad property. At this stage, "The dispute is between private parties and the applicable procedure for settling the dispute is governed by the contract between them." Edwards v. St. Louis-San Francisco R. R., 361 F.2d 946, 954 (7th Cir. 1966). "The federal courts are not the guarantor of any rights of either labor or management at the initial hearing, either by force of the Constitution or Railway Labor Act . . . ." *Edwards* at p. 954. See Otto v. Houston Belt & Terminal Ry., 319 F.Supp. 262 (S.D.Texas 1970). We conclude that *Andrews* is controlling and that the district court properly found that Dorsey was required to exhaust his remedies with the NRAB before bringing suit in federal court.[1]

■■ In Andrews, the court said: "A party who has litigated an issue before the Adjustment Board on the merits may not relitigate that issue in an independent judicial proceeding. Union Pacific Ry. Co. v. Price, 360 U.S. 601 [79 S.Ct. 1351, 3 L.Ed.2d 1460] (1959)." 406 U.S. at 325, 92 S.Ct. at 1565. Since the dispute in this case was taken to the NRAB,[2] we believe that the Railway Company could have properly defended the instant action on the grounds that an award of the NRAB would be final and could not be collaterally attacked because of 45 U.S.C. § 153, First (m), in an independent proceeding. *Andrews,* supra. Such an award could be judicially reviewed only under § 153 First (q), as mentioned in footnote 1.

■ In the court below, and on appeal, appellant contended that defendants Frost, Sims, Epperly and Heslep conspired with the defendant Railway Company to cause his dismissal. Dorsey never sought relief from the defendants in their capacity as private individuals who interfered with his employment with the railroad, other than in the context of a conspiracy to discharge him, the merits of which is in the exclusive jurisdiction of the NRAB. Since a corporation can act only through its agents, the effect of Dorsey's charge of conspiracy between the defendant Railway Company and its agents was to charge a conspiracy by a

1. We note that before the district court entered its order the railroad submitted Dorsey's discharge claim to the NRAB pursuant to 45 U.S.C. § 153 First (i). On November 2, 1972, the NRAB decided that Dorsey was guilty of the violation charged but that the penalty imposed was excessive. The NRAB ordered that Dorsey be reinstated to his position with full seniority rights and that he receive payment of any wages lost more than one year after the date of discharge. Dorsey may seek judicial review of the NRAB's decision pursuant to 45 U.S.C. § 153 First (q).

2. The instant dispute was taken to the NRAB by the defendant Railway Company. (Appellant's brief p. 8). We are of opinion that this fact has no effect on the operation of 45 U.S.C. § 153 First (m), since § 153 First (i) allows either party to submit the dispute to the NRAB. See *Andrews,* supra; Brotherhood of Rail. Train. v. New York Cent. Ry. Co., 246 F.2d 114, 118 (6th Cir. 1957), cert. den. 355 U.S. 877, 78 S.Ct. 140, 2 L.Ed.2d 107 (1957).

single party. Pearson v. Youngstown Sheet and Tube Co., 332 F.2d 439 (7th Cir. 1964), cert. den. 379 U.S. 914, 85 S.Ct. 262, 13 L.Ed.2d 185 (1964). Therefore, the district court properly dismissed Dorsey's conspiracy claim.

Accordingly, we dispense with oral argument and affirm the judgment of the district court.

Affirmed.