**Nicholas J. MERINUK**

**v.**

**George P. BAKER et al.**

**Civ. A. No. 73-410.**

United States District Court,
E. D. Pennsylvania.

Oct. 26, 1973.

Martin A. Ostrow, Philadelphia, Pa., for plaintiff.

Hermon M. Wells, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

CLIFFORD SCOTT GREEN, District Judge.

This is an action for wrongful discharge by plaintiff, Nicholas J. Merinuk, a former railroad brakeman. Defendants are George P. Baker, Richard C. Bond, and Jervis Landon, Jr., Trustees of the property of Penn Central Transportation Company, Debtor, a common carrier by railroad. Plaintiff alleges that this case comes under the federal jurisdiction by virtue of the Railway Labor Act, 45 U.S.C. § 151 et seq.

In his complaint, plaintiff avers that he was employed by defendant corporation as a brakeman and that as a result of following orders of one of his superiors on November 28, 1970, he was charged with unauthorized possession and removal of material from railroad property, and wrongfully discharged. Plaintiff further alleges that on July 23, 1971, following a hearing on June 8, 1971, defendants rendered a decision upholding plaintiff's dismissal.

Essentially, plaintiff is seeking monetary damages reflecting his wage loss "including any raises since November 28, 1970," as well as reinstatement "to the same job classification and appropriate rate of pay that he had at the time of his discharge".

This matter is now before the Court on defendants' motion to dismiss or for summary judgment. In support of their motion, defendants assert that plaintiff's complaint is subject to dismissal since under federal labor law the Courts have no jurisdiction over claims by railroad employees who have been wrongfully discharged; defendants rely on the recent case of Andrews v. Louisville & Nashville Railroad Company, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972), wherein the Supreme Court held that any railroad employee alleging a violation of the collective bargaining agreement must resort to the remedies set forth in the Railway Labor Act, 45 U.S.C. § 151 et seq. The Andrews case has recently been followed in this district in Rinker v. Penn Central Transportation Company, 350 F.Supp. 217 (E.D.Pa.1972), where the Court, in dismissing an action for wrongful discharge, reiterated that under Andrews, "claims for wrongful discharge under railroad collective bargaining agreements are subject to resolution only by compulsory administrative procedures provided by the collective agreement and by the Railway Labor Act." 350 F. Supp. at 220.

Plaintiff advances the argument that he does not have to exhaust his remedies under the Railway Act since to do so would be futile and since the remedy afforded would be sufficiently inadequate by virtue of defendants' delay in expediting this case. Accordingly, plaintiff maintains that notwithstanding the Supreme Court's decision in Andrews, the Court should entertain jurisdiction since the delay in the instant case goes back to November 28, 1970. Plaintiff's assertion is without merit and the cases relied upon by plaintiff are inapposite.

■ There is in effect a collective agreement, applicable to plaintiff, which contains rules governing procedures in disciplinary cases and sets forth a grievance procedure to be followed in such cases. It is clear that defendants have been willing to have plaintiff submit his claim to the administrative process which is available to him and which he is obliged to follow under Railway Labor Act requiring compulsory arbitration of grievances. Brotherhood of Railroad Trainmen v. Chicago River and Indiana R. R., 353 U.S. 30, 77 S.Ct. 635, 1 L.Ed. 2d 622 (1957); Union Pacific Railroad v. Price, 360 U.S. 601, 79 S.Ct. 1351, 3 L.Ed.2d 1460 (1959). The Court is satisfied that Andrews is controlling and that plaintiff's only remedy is before the National Railroad Adjustment Board. Andrews v. Louisville & Nashville Railroad, supra. Dorsey v. Chesapeake and Ohio Railway Company, 476 F.2d 243 (4th Cir. 1973); Ciaccio v. Eastern Air Lines, Inc., 354 F.Supp. 1272 (E.D.N.Y. 1973); Bryant v. Brotherhood of Railway Airlines, and S. C., 354 F.Supp. 9 (W.D.Va.1972); West v. American Airlines, Inc., 352 F.Supp. 1278 (N.D.Ill. 1972); Rinker v. Penn Central, 350 F. Supp. 217 (E.D.Pa.1972); Johnston v. Interstate Railroad, 345 F.Supp. 1082 (W.D.Va.1972).

■ We note that plaintiff's complaint would have been subject to dismissal even prior to the Andrews case in view of the relief sought. It has been firmly established that railroad employees seeking reinstatement and back pay are confined to their administrative remedies and that the Courts have no jurisdiction over such claims. Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795 (1950); Ferro v. Railway Express Agency, Inc., 296 F.2d 847 (2nd Cir. 1961); Barnett v. Pennsylvania-Reading Seashore Lines, 245 F.2d 579 (3rd Cir. 1957); Butler v. Thompson, 192 F.2d 831 (8th Cir. 1951); Newman v. Baltimore & O. R. Co., 191 F.2d 560 (3rd Cir. 1951); Broady v. Illiniois Cent. R. Co., 191 F.2d 73 (7th Cir. 1951) cert. den., 342 U.S. 897, 72 S.Ct. 231, 96 L.Ed. 672 (1951); Hettenbaugh v. Airline Pilots Ass'n. International, 189 F.2d 319 (5th Cir. 1951).

In view of the foregoing analysis, we conclude that this Court is without jurisdiction and accordingly grant defendants' motion to dismiss.