**Ralph G. HILL, Plaintiff,**

v.

**SOUTHERN RAILWAY COMPANY, a Virginia Corporation, Defendant.**

**Civ. No. A–75–116.**

United States District Court,
W. D. North Carolina,
Asheville Division.

Oct. 14, 1975.

John A. Powell, Asheville, N. C., for plaintiff.

W. T. Joyner, Joyner & Howison, Raleigh, N. C., Harold K. Bennett, Bennett, Kelly & Cagle, Asheville, N. C., for defendant.

MEMORANDUM OF DECISION

WOODROW WILSON JONES, Chief Judge.

The Plaintiff, Ralph G. Hill, brought this action in state court alleging that Defendant, Southern Railway Company, wrongfully suspended him from his job as a trainman on or about September 6, 1971 without just or sufficient cause, and in violation of the bargaining agreement between the Defendant, Southern Railway Company, and the Union Transportation Union (UTU) of which Plaintiff was a member. The Plaintiff contends that he lost earnings in the amount of Three Thousand, Five Hundred Dollars ($3,500.00) because of this wrongful suspension, and Seven Thou-

sand Dollars ($7,000.00) in retirement benefits and transportation rights.

The Defendant removed the case to this Court, answered, and moved for Summary Judgment. The Defendant denies that its action was wrongful or in violation of the bargaining agreement, and contends that the sixty-day suspension, after a proper hearing before the Superintendent of the Asheville Division, resulted from Plaintiff's violation of the operating rules of the Railroad. The Defendant therefore contends that this procedure was in full accord with the bargaining agreement.

In its Motion for Summary Judgment the Defendant alleges that the Plaintiff failed to appeal his suspension from the highest operating officer of the Railroad designated to handle such disputes to the First Division of the National Railroad Adjustment Board as required by 45 U.S.C.A. § 153, et seq. The Defendant contends that the administrative remedies outlined in the statute are compulsory and cites the case of Andrews v. Louisville & Nashville Railroad Company, 406 U.S. 320, 92 S.Ct. 1562, 32 L. Ed.2d 95 (1972) for the proposition that these administrative remedies are exclusive. Based on the Andrews decision and the provisions of the statute, the Defendant contends that this action is inappropriate and it is entitled to an entry of judgment of dismissal as a matter of law.

A hearing on the Defendant's Motion for Summary Judgment was held in Asheville on October 3, 1975. At that time Plaintiff, relying on the case of Schum v. South Buffalo Railway Co., 496 F.2d 328 (2nd Cir. 1974), argued that there are certain exceptions to the Andrews "exclusive administrative remedy" doctrine. One of these exceptions, according to the Plaintiff, is when a union breaches its duty of fair representation a railroad employee can institute a suit despite his failure to fully exhaust his contractual remedies. The Plaintiff contends that in the present case the United Transportation Union breached its duty of fair representation by not pursuing further administrative remedies. For this reason the Plaintiff asks that summary judgment be denied, and that the United Transportation Union be added as a party defendant.

After a full consideration of the pleadings, briefs, affidavits, and oral arguments, the Court now enters its findings and conclusions.

This case arises out of a derailment which occurred on September 2, 1971. The Plaintiff, who was a trainman on the derailed train, was charged with violating the operating rules of Southern Railway Company, his employer and the Defendant in this case. In accordance with Article 31, "Investigations and Discipline", of the bargaining agreement between Southern Railway and United Transportation Union, the Plaintiff was given an "investigation" by a proper officer of the Railroad, and was notified in writing of the reason for the "investigation" and of his right to bring employees in good standing to represent him. He and his representatives were afforded the opportunity of hearing all the evidence and interrogating the witnesses. After the "investigation" the Plaintiff was suspended from his employment for a period of sixty days beginning September 6, 1971 and ending November 4, 1971 when he was reinstated.

The Plaintiff, represented by George H. Spencer, Local Chairman of the UTU, then pursued his administrative remedies by filing a claim for restoration to service with pay for all lost time. This claim was denied and the Plaintiff's suspension was affirmed. Thereafter, J. W. Barger, General Chairman of the UTU, appealed Plaintiff's suspension to H. R. Moore, General Manager for the Railroad. This appeal was denied and then Barger appealed to T. H. Porter, Assistant Director of Labor Relations for the Railroad. Porter's superior, Thomas Parker, Jr., Director of Labor Relations and the highest officer designated to handle such matters, heard the

appeal and denied relief. Sometime thereafter Chairman Barger informed the Railroad that Plaintiff had chosen "to handle this matter in another forum, and I am accordingly discontinuing any further handling of this case." The Plaintiff did not pursue any further administrative remedies.

However, it is clear that there were other administrative procedures available. Pursuant to 45 U.S.C.A. § 153 First (i) Plaintiff could have petitioned the Adjustment Board for review. That section reads in part:

"(i) The disputes between an employee or group of employees and a carrier or carriers growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions, including cases pending and unadjusted on June 21, 1934, *shall be handled in the usual manner up to and including the chief operating officer of the carrier designated to handle such disputes*; but, failing to reach an adjustment in this manner, the disputes may be referred by petition of the parties or by either party to the appropriate division of the Adjustment Board with a full statement of the facts and all supporting data bearing upon the disputes." (Emphasis added.)

In this case the Plaintiff did pursue his claim to the chief operating officer designated to handle such disputes, Thomas Parker, Jr., Director of Labor Relations. However, the Plaintiff did not choose to appeal Parker's decision to the National Railroad Adjustment Board, First Division, as provided by 45 U.S.C.A. § 153 First (h) and First (i). If he had done so and an unsatisfactory decision had been rendered, it would have been his prerogative under Subsection First (q) of this statute to petition the United States District Court for review. The question now before the Court is whether his failure to follow this statutory procedure entitles the Defendant to a judgment of dismissal as a

matter of law under the case of *Andrews v. Louisville & Nashville Railroad Company*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972).

The plaintiff in *Andrews* brought an action asking for damages in state court for his alleged wrongful discharge. The railroad removed the case to the United States District Court and moved to dismiss the complaint for failure to exhaust administrative remedies provided by 45 U.S.C.A. § 153 First (i). The District Court which granted this motion was affirmed by the Fifth Circuit and certiorari was granted by the Supreme Court.

Mr. Justice Rehnquist, writing for the court, found:

"It is clear, however, that in at least some situations the Act makes the federal administrative remedy exclusive, rather than merely requiring exhaustion of remedies in one forum before resorting to another. A party who has litigated an issue before the Adjustment Board on the merits may not relitigate that issue in an independent judicial proceeding. He is limited to the judicial review of the Board's proceedings that the Act itself provides. In such a case the proceedings afforded by 45 U.S.C. § 153 First (i), will be the only remedy available to the aggrieved party." (Citations omitted.) *Andrews*, 92 S.Ct. p. 1565.

In light of this holding, Justice Rehnquist reached the conclusion that "the notion that the grievance and arbitration procedures provided for minor disputes in the Railway Labor Act are optional, to be availed of as the employee or the carrier chooses, was never good history and is no longer good law." *Andrews*, 92 S.Ct. p. 1564.

Therefore, after *Andrews*, it appears to be settled law that where the only source of a railroad employee's right not to be discharged is the collective-bargaining agreement between the railroad and the union, the discharged employee who does not pursue his remedies under

the Railway Labor Act cannot bring an action against the railroad for wrongful discharge. Although the language of the decision seems clear, there has been some confusion in the Circuits over the application of *Andrews.*

In the case of *Schum v. South Buffalo Railway Co., supra,* upon which the Plaintiff relies, the court found that there are exceptions to the *Andrews* "exclusive remedy" rule. There a railroad employee sued the railway for wrongful discharge and the union for breach of its duty of fair representation. The Second Circuit cited *Andrews* for the proposition that ". . . a railroad employee generally must exhaust the administrative remedies set forth in the Act and the labor contract before seeking a judicial determination of his grievance." *Schum,* p. 330. However, District Judge Zampano, sitting by designation and speaking for the court, relied upon *Glover v. St. Louis-San Francisco Railway Co.,* 393 U.S. 324, 329–331, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969) to find three situations in which suit could be instituted without the exhaustion of administrative remedies: (1) When the employer repudiates the private grievance machinery, (2) If the Union breaches its duty of fair representation; or (3) Where the administrative remedies would be futile. According to *Schum,* if one of these exceptions is applicable, suit may be instituted in federal court against the Company and the Union without exhausting administrative remedies. The Plaintiff now contends that he falls within the "breach of duty of fair representation" exception, and argues that summary judgment should be denied and he should be allowed to join the Union as a party defendant.

While some Circuits have either explicitly or implicitly adopted the reasoning in *Schum,* see *Otero v. International U. of Elec., R & M Wkrs. (IUE),* 474 F.2d 3 (9th Cir. 1973); *Conrad v. Delta Air Lines, Inc.,* 494 F.2d 914 (7th Cir. 1974), other Circuits have not.

The Court of Appeals for the District of Columbia was presented a situation similar to the one at Bar in *Haney v. Chesapeake and Ohio Railroad Company,* 162 U.S.App.D.C. 254, 498 F.2d 987 (1974), and held that, based on *Andrews,* a former railroad employee would be required to exhaust her administrative remedies even though she were asserting a charge of union nonfeasance. Therefore, the Circuit Court reading *Andrews* literally, affirmed the dismissal of plaintiff's case by the District Court.

The Fourth Circuit has also chosen to read *Andrews* literally and apply the rule that administrative procedures must be exhausted. In *Dorsey v. Chesapeake and Ohio Railway Company,* 476 F.2d 243 (4th Cir. 1973), plaintiff not only alleged wrongful discharge, but included a constitutional claim of denial of due process. It was plaintiff's contention that *Andrews* would not bar a constitutional claim arising outside of the collective-bargaining agreement. However, the District Court granted the defendant's motion for summary judgment on the ground that the plaintiff instituted his action in the district court without first exhausting his remedies before the National Railroad Adjustment Board (NRAB). The Fourth Circuit affirmed in a per curiam opinion on the ground that *Andrews* was controlling and that plaintiff was required to exhaust his remedies with the NRAB before bringing suit in federal court.

The same reluctance to find an exception to the "exclusive remedy" rule is found in *Sensabaugh v. Railway Express Agency, Inc. of Virginia,* 348 F.Supp. 1398 (W.D.Va.1972), wherein it was held that even if an employee regarded such action as futile, he was required to exhaust administrative remedies before seeking judicial redress against the carrier and the union for grievances arising from the termination of his job. Accord: *Merinuk v. Baker,* 366 F.Supp. 735 (E.D.Pa.1973).

**418**

In conclusion, there appears to be some controversy in the Circuits as to the application of *Andrews* and whether exceptions do exist which allow a claim to be brought directly in the state or federal courts without a prior exhaustion of administrative remedies. However, in the opinion of this Court there is no question as to the law.

 Justice Rehnquist used the term "exclusive" when referring to the federal administrative remedy. *Andrews*, 92 S.Ct. p. 1565. Although some of the Circuits have found exceptions to this "exclusive" remedy, this Court believes that an exception to an "exclusive" remedy is a blatant contradiction in terms. Once an exception is established, the remedy becomes nonexclusive. Therefore, it is this Court's conclusion that the *Andrews* decision requires an exhaustion of administrative remedies *without exception* before an action can be pursued in federal court. Once these remedies are exhausted constitutional claims or claims in tort or contract *may* lie against the union or the company, but not before.

However, even if certain exceptions did exist it is questionable whether Plaintiff could come within their boundaries. He has alleged the Union's breach of fair representation. The record shows that he was represented by a Union official through three levels of the grievance procedure including an appeal to the Chief Operating Officer handling such matters. The Union ended its representation when Plaintiff chose to proceed in another forum.

It appears to the Court that the Plaintiff is now asking to join an additional party as the clock strikes midnight in the hope of qualifying for an exception to the *Andrews* rule recognized by a few of the Circuits. The validity of his allegation and the propriety of his action is questionable even if such exceptions were accepted as the law.

Nevertheless, the Court finds that the "exclusive remedy" rule laid down in *Andrews*, and the strict adherence to that rule by the Fourth Circuit in *Dorsey* is the proper procedure to follow. For these reasons this Court finds that the Plaintiff failed to exhaust his administrative remedies as set forth in 45 U.S.C.A. § 153 First(i), and as a matter of law judgment must be entered for the Defendant, Southern Railway Company, pursuant to *Andrews* and *Dorsey*.

An Order allowing the Defendant's Motion for Summary Judgment will be entered simultaneously with this Memorandum of Decision.