**Robert E. MINEHART,**
**Plaintiff-Appellant,**

**v.**

**LOUISVILLE & NASHVILLE RAIL-ROAD CO., Defendant-Appellee.**

**No. 83–5194.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 20, 1984.
Decided April 6, 1984.

Michael D. Cucullu, Houston, Tex., for plaintiff-appellant.

David Monohan (argued), Fielden Woodward, Louisville, Ky., for defendant-appellee.

Before KENNEDY and WELLFORD, Circuit Judges, and RUBIN, District Judge: *

PER CURIAM.

Plaintiff, Robert E. Minehart, appeals from the district court order dismissing his action against his former employer, Louisville and Nashville Railroad Company (L & N), for alleged retaliatory discharge. Minehart sued L & N in district court seeking damages for personal injuries sustained during the course of his employment. The district court permitted Minehart to supplement his original complaint to allege retaliatory discharge after L & N discharged Minehart on its assertion that he had falsified his employment application by failing to reveal previous "back trouble."

The district court's dismissal of the retaliatory discharge claim was premised on the conclusion that his claim was a "minor dispute" under the Railway Labor Act, 45 U.S.C. § 153, and therefore required the filing of a grievance pursuant to the exclusive remedies of that Act. Minehart concedes that he had filed such a grievance which was then and is now presently before the Railroad Adjustment Board.

The pertinent provisions of the Railway Labor Act (RLA) which are applicable in this case, provide:

(i) The disputes between an employee or group of employees and a carrier or carriers growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions, including cases pending and unadjusted on June 21, 1934, shall be handled in the usual manner up to and including the chief operating officer of the carrier designated to handle such disputes; but, failing to reach an adjustment in this manner, the disputes may be referred by petition of the parties or by either party to the appropriate division of the Adjustment Board with a full statement of the facts and all supporting data bearing upon the disputes.

. . . .

(m) The awards of the several divisions of the Adjustment Board shall be stated in writing. A copy of the awards shall be furnished to the respective parties to the controversy, *and the awards shall be final and binding upon both parties to the dispute.* In case a dispute arises involving an interpretation of the award, the division of the Board upon request of either party shall interpret the award in the light of the dispute.

. . . .

(q) If any employee or group of employees, or any carrier, is aggrieved by the failure of any division of the Adjustment Board to make an award or by the failure of any division of the Adjustment Board to make an award in a dispute referred to it, or is aggrieved by any of the terms of an award or by the failure of the division to include certain terms in such award, then such employee or group of employees or carrier may file in any United States district court ..., a petition for review of the division's order.... The Adjustment Board shall file in the court the record of the proceedings on which it based its action. The court shall have jurisdiction to affirm the order of the division or to set it aside, in whole or in part, or it may remand the proceeding to the division for such further action as it may direct. On such review, the findings and order of the division shall be conclusive on the parties, except that the

---

* The Honorable Carl B. Rubin, Chief Judge, United States District Court for the Southern District of Ohio, sitting by designation.

order of the division may be set aside, in whole or in part, or remanded to the division, for failure of the division to comply with the requirements of this chapter, for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order. The judgment of the court shall be subject to review as provided in sections 1291 and 1254 of Title 28.

45 U.S.C. § 153 First, (i), (m), (q) (emphasis added).

Minehart does not contend that these provisions of the RLA are inapplicable to the case at bar, but rather that "he has a right to elect his remedy of either pursuing his appeal through the procedures of the Railway Labor Act or initiating action [in federal court] for a wrongful termination for employment." *See* Appellant's Brief at 6. L & N takes the position that the remedies provided by the RLA are exclusive, and that Minehart may not by-pass the Railway Adjustment Board by proceeding in district court on a claim of retaliatory discharge.

The Supreme Court has addressed the plaintiff's theory that he has an alternative right to bring suit in federal court to contest his discharge from railroad employment, while at the same time pursuing his RLA administrative remedy against the carrier:

> [T]he notion that the grievance and arbitration procedures provided for minor disputes in the Railway Labor Act are optional, to be availed of as the employee or the carrier chooses, was never good history and is no longer good law.

*Andrews v. Louisville & Nashville R.R. Co.*, 406 U.S. 320, 322, 92 S.Ct. 1562, 1564, 32 L.Ed.2d 95 (1972).

Other courts have addressed similar issues to those raised here by Minehart in connection with efforts to bring actions in federal court and avoid Railway Adjustment Board jurisdiction over employment terminations by railroads. An association of employees sought to recover damages for loss of work under a contract breach or tort rationale basis in federal court in *Railway Labor Executives Ass'n v. Atchison, T. & S.F. Ry. Co.*, 430 F.2d 994 (9th Cir. 1970), *cert. denied,* 400 U.S. 1021, 91 S.Ct. 582, 27 L.Ed.2d 632 (1971). This effort was rebuffed, the court holding:

> Where, as here, the dispute grows out of the employment relationship and, in the final analysis, involves an attempt to impose a right which is incident to that relationship, the statutory forum is the Adjustment Board, absent a clear expression of legislative policy to the contrary.

430 F.2d at 997. *See also* (to the same effect) *Magnuson v. Burlington Northern, Inc.*, 576 F.2d 1367 (9th Cir.), *cert. denied,* 439 U.S. 930, 99 S.Ct. 318, 58 L.Ed.2d 323 (1978).

In like fashion, a railroad employee's attempt to forego Railway Adjustment Board procedures by filing suit in federal court was rejected in *Dorsey v. Chesapeake & Ohio Ry. Co.*, 476 F.2d 243 (4th Cir.1973). The court held specifically:

> "Dorsey [appellant] acknowledges that *Andrews* [406 U.S. 320, 92 S.Ct. 1562] requires exhaustion of administrative remedies in cases alleging only a common law breach of contract but contends that *Andrews* left undecided the question whether a wrongful discharge complaint alleging a constitutional violation should be exempted from the exhaustion requirement.... We conclude that *Andrews* is controlling and that the district court properly found that Dorsey was required to exhaust his remedies with the NRAB before bringing suit in federal court."

476 F.2d at 254 (footnote omitted). Appellant cites *Smith v. Atlas Off-Shore Boat Service, Inc.*, 653 F.2d 1057 (5th Cir.1981) in support of his contentions, but this is a Jones Act case, inapplicable in the Railway Labor Act context. He also cites *Farmer v. United Brotherhood of Carpenters, Local 25*, 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977) as establishing an exemption to the preemption doctrine upheld in *Andrews*. In the *Farmer* case, a union

officer's complaint was for "outrageous conduct" against other union officials in subjecting him to harassment and abuse. The court held that under the circumstances the wrongful conduct of the union was "a merely peripheral concern" and was exempted from preemption under the N.L. R.A. We agree with the decision in *Magnuson, supra,* that the *Farmer* exemption does not apply in this type of case because, like the *Magnuson* claim of tortious or wrongful discharge, Minehart's action is "inextricably intertwined with the grievance machinery of the collective bargaining agreement and of the R.L.A." 576 F.2d at 1369. *See also Beers v. Southern Pacific Transp. Co.,* 703 F.2d 425 (9th Cir.1983).

Nor does Minehart fall within the bounds of a very narrow exception to the preemption doctrine of exclusive jurisdiction in the Railway Adjustment Board indicated by this court in *Kaschak v. Consolidated Rail Corp.,* 707 F.2d 902 (6th Cir.1983), which dealt with a union's failure to process the railroad employee's grievance. This court in *Kaschak,* however, acknowledged (707 F.2d at 905) the primary rule adopted in this circuit:

> [T]he National Railroad Adjustment Board then has primary and exclusive jurisdiction to interpret the parties' agreement and make a binding award. (A "minor" dispute includes a controversy over the meaning of an existing collective bargaining agreement in a particular fact situation).

*McKinney v. International Ass'n of Machinists,* 624 F.2d 745, 748 (6th Cir.1980) (citations omitted). *See also Local 1477 United Transp. Union v. Baker,* 482 F.2d 228 (6th Cir.1973).

We believe that the decision in *Andrews* makes it clear that Minehart has no option to proceed in federal court while his claim before the Railway Adjustment Board is pending. The Ninth and Fourth circuits, as noted, have held, following *Andrews,* that the exclusive forum for minor disputes arising out of a railroad employment relationship is the Railway Adjustment Board, not the federal courts prior to exhaustion.

We agree with the reasoning of the courts in *Magnuson, Beers,* and *Dorsey* in their conclusions in cases analogous to the instant case on appeal. This is clearly a "minor dispute" within the meaning of the Act. Minehart's counsel at oral argument candidly argued that we ought to allow his suit, despite the contrary authority, because there was an undue delay in the resolution of Railway Labor Board matters. This problem, if it exists, addresses itself to the Congress and not to this court for resolution.

Accordingly, we affirm the action of the district court in dismissing Minehart's retaliatory discharge assertion.