**RAILWAY LABOR EXECUTIVES ASSOCIATION, Plaintiff,**

v.

**PITTSBURGH & LAKE ERIE RAILROAD COMPANY, a Delaware corporation; PLECO, Inc., a Delaware corporation; S. Henry; G. Allyn; Gordon E. Neuenschwander; G. Gary Garland; Bernard B. Smyth; Beloit Corporation, a Wisconsin corporation; Chicago West Pullman Transportation Corporation, an Illinois corporation; and P & LE Railco, Inc., an Illinois corporation, Defendants.**

Civ. A. No. 87–2332.

United States District Court, W.D. Pennsylvania.

Nov. 24, 1987.

days of the July 10, 1985 decision as required by 42 U.S.C. § 2000e–5(f)(1).

Stanley W. Greenfield (co-counsel) Pittsburgh, Pa., John O'B. Clarke, Jr. (co-counsel), Washington, D.C., for plaintiff.

G. Edward Yurcon (co-counsel) Pittsburgh, Pa., Richard Wyatt, Jr. (co-counsel) Washington, D.C., for P & LE R. Co., Pleco, Inc., S. Henry, G. Allyn, Gordon E. Neuenschwander, and B. Smyth.

Thomas R. Johnson, et al., Pittsburgh, Pa., for Chicago West Pullman Transp. and P & LE Railco, Inc.

## MEMORANDUM OPINION

BLOCH, District Judge.

Plaintiff, Railway Labor Executives Association (RLEA), brought the instant action in the Court of Common Pleas of Allegheny County asserting that certain transactions undertaken by the defendants constitute fraudulent conveyances in violation of the Pennsylvania Fraudulent Conveyance Act, 39 Pa.S.A. § 351, *et seq.* Defendants removed the action to this Court; the asserted basis for jurisdiction is the Interstate Commerce Act, 49 U.S.C. § 10101, *et seq.*, and the Railway Labor Act, 45 U.S.C. § 151, *et seq.* Plaintiff has filed a motion to remand the action to the state court; defendants have filed motions to dismiss. For the reasons detailed below, defendants' motions are granted. Plaintiff's motion to remand is denied. Further, because the Court finds persuasive the defendants' arguments regarding the preemptive effect of the Railway Labor Act, it is unnecessary to address defendants' contentions with respect to the Interstate Commerce Act.

Plaintiff is an unincorporated association of the chief executive officers of 19 labor organizations which collectively represent virtually all of the employees of defendant Pittsburgh & Lake Erie Railroad (P & LE). P & LE is a wholly-owned subsidiary of defendant PLECO, Inc. P & LE has entered into an agreement with defendant P & LE Railco (Railco), a wholly-owned subsidiary of defendant Chicago West Pullman Transportation Corporation for the sale of assets of P & LE.

Plaintiff's complaint alleges that P & LE owes various financial obligations to its employees including, but not limited to, accrued but unpaid wages, vacation pay, labor protection pay, life, health and accident insurance premiums, and pension plan premiums, as well as accrued but unpaid employee grievance claims. In addition, plaintiff contends that P & LE owes financial obligations including certain union security payments to the organizations whose chief executive officers are members of plaintiff. Plaintiff asserts that these various financial obligations render its member organizations and the P & LE employees which they represent creditors of P & LE.

The essence of plaintiff's complaint is that the proposed sale of P & LE to Railco is a fraudulent conveyance within the meaning of the Pennsylvania Fraudulent Conveyance Act in that the sale is not for fair consideration, is a transaction for unreasonably small capital, and is being accomplished at a time when P & LE is insolvent. Further, plaintiff claims that even after consummation of the sale, P & LE will remain insolvent. Plaintiff argues that the sale is a part of a series of fraudulent conveyances which include a 1985 debt restructuring, involving P & LE, PLECO, and the individual defendants, and a 1986 transaction whereby defendant Beloit Corporation, the then-majority shareholder of PLECO, sold all of its stock holdings to PLECO.

Defendants contend that the Railway Labor Act provides the exclusive mechanism for resolution of disputes such as the instant one, vesting exclusive jurisdiction over such matters in the National Railroad Adjustment Board (NRAB). The Court concludes that this is an accurate statement of the law. The Railway Labor Act provides for mandatory administrative grievance procedures and remedies for the resolution of "minor disputes" arising from the employment relationship between railroad employees and the carrier. 45 U.S.C. § 153 First. A minor dispute is any dispute between the employees and the carrier growing out of the interpretation or application of collective bargaining agreements. *Brotherhood of Railroad Trainmen v. Chicago River and Indiana Railroad*

*Company,* 353 U.S. 30, 33, 77 S.Ct. 635, 637, 1 L.Ed.2d 622 (1957). Minor disputes generally cannot be litigated in court; rather, such disputes must be submitted to the NRAB for compulsory arbitration. 45 U.S.C. § 153 First; *Brotherhood of Locomotive Engineers v. Boston and Maine Corp.,* 788 F.2d 794 (1st Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 111, 93 L.Ed.2d 59 (1986). This federal administrative remedy is exclusive. *Andrews v. Louisville and Nashville Railroad Company,* 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972).

The Supreme Court, in *Union Pacific Railroad Company v. Sheehan,* 439 U.S. 89, 94, 99 S.Ct. 399, 402, 58 L.Ed.2d 354 (1978) (per curiam), noted that Congress, in establishing this exclusive, mandatory procedure, had the following purposes in mind:

> In enacting [the Railway Labor Act] Congress endeavored to promote stability in labor-management relations in this important national industry by providing effective and efficient remedies for the resolution of railroad employee disputes arising out of the interpretation of collective bargaining agreements.... Congress considered it essential to keep the so-called "minor" disputes within the Adjustment Board and out of the courts.

The central issue presented in this action is whether the plaintiff's claim, although framed in terms of a state tort action, in reality constitutes a "minor dispute" within the meaning of the Railway Labor Act. If the Court must interpret or apply the collective bargaining agreements in order to reach the merits of this action, then the dispute in question falls within the definition of a minor dispute over which the NRAB has exclusive jurisdiction. *Chicago River, supra; Andrews, supra.* The question thus reduces to whether the "existence and extent of any obligation" owed by the defendants to plaintiff's members and their employees will depend upon an interpretation of the collective bargaining agreement. *Andrews* 406 U.S. at 324, 92 S.Ct. at 1565.

▇ Plaintiff contends that no interpretation of the collective bargaining agreements will be required since it is not seeking a determination by this Court of the employees' and union's rights under these agreements. Plaintiff does admit, however, that the claims which its members and their employees are asserting in this action are premised upon rights granted them pursuant to the collective bargaining agreements. It is thus apparent that before a determination could be made as to whether any of the transactions of which plaintiff complains constitute fraudulent conveyances impinging upon plaintiff's member's rights under the bargaining agreements it first would be necessary to ascertain the nature of these rights, i.e., their source and their legal validity. *Andrews, supra,* at 324, 92 S.Ct. at 1565; *Leu v. Norfolk and Western Railway Company,* 820 F.2d 825, 829 (7th Cir.1987). Such a determination of necessity will require an interpretation of the collective bargaining agreements. Thus, the Court concludes that the dispute issue, although phrased in common law terms, constitutes a minor dispute within the meaning of the Railway Labor Act.

▇ Where the dispute grows out of the employment relationship and involves an attempt to impose a right incident to that relationship, the statutory forum is the NRAB, absent a clear expression of legislative policy to the contrary. *Leu v. Norfolk and Western Railway Company, supra; Lewy v. Southern Pacific Transportation Company,* 799 F.2d 1281 (9th Cir.1986); *Minehart v. Louisville and Nashville Railroad Company,* 731 F.2d 342 (6th Cir. 1984).

There can be no question that the dispute between plaintiff and the defendants arises out of the employment relationship existing between plaintiff's member organizations and their constituents and P & LE. Indeed, plaintiff concedes that the source of the rights it is asserting are the collective bargaining agreements existing between its member unions and P & LE. It is apparent that plaintiff's claim is based upon a "matrix of facts which is inextricably intertwined with the grievance machinery of the ... Railway Labor Act." *Minehart v. Louisville and Nashville Railroad*

*Company, supra,* at 345; *Magnuson v. Burlington Northern, Inc.,* 576 F.2d 1367, 1369 (9th Cir.1978), *cert. denied,* 439 U.S. 930, 99 S.Ct. 318, 58 L.Ed.2d 323 (1978). Consequently, the only proper forum for resolution of the dispute is that provided by the Railway Labor Act, i.e., the NRAB. This Court, therefore, is without jurisdiction in this matter. Likewise, the state court would be without jurisdiction. Consequently, the Court will grant defendants' motions to dismiss and deny plaintiff's motion to remand.

An appropriate Order will be issued.