902 F.2d 35
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wilson STEVENSON, Plaintiff, Counter-Defendant-Appellee,
v.
Lori FORTE, Defendant, Counterclaimant, Cross-Claimant, and
Third-Party Plaintiff-Appellant,
and
Trans World Airlines, Inc., Defendant/Cross-Defendant-Appellee
Larry Carmichael; David Singleton, Hilton Airport Inn, a
Tennessee corporation, Third Party Defendants-Appellees.
 No. 89-5440.
 United States Court of Appeals, Sixth Circuit.
 May 3, 1990.
 
 Before WELLFORD and DAVID A. NELSON, Circuit Judges; and, GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Lori Forte, defendant, counterclaimant, and cross-complainant, a Trans World Airlines (TWA) stewardess residing in Arizona, was a member of a TWA flight crew with Wilson Stevenson, plaintiff and counter-defendant, a pilot for TWA on July 5, 1986.[1] Forte made a claim with TWA that Stevenson sexually assaulted her that night at Hilton Airport Inn, assigned quarters for the TWA flight crew, and also filed criminal charges against Stevenson for the alleged rape. Stevenson was arrested and posted bond on the criminal charge made by Forte. After a trial in Tennessee in June of 1987, Stevenson was acquitted, and he now sues Forte for malicious prosecution and intentional infliction of emotional distress, as well as TWA for assisting her in making and pursuing false charges against him.[2] Forte's affirmative claims against TWA and the flight crew were violation of a fiduciary duty to assure her safety; she claimed Hilton violated a responsibility to provide for her security, and that Stevenson had assaulted her sexually against her will.
 
 Stevenson's position was succinctly put:
 
 2
 On July 5, 1986, I and other members of the [TWA] flight crew ended our day in Nashville, Tennessee, and were staying at the Airport Hilton.
 
 
 3
 On the date I engaged in sexual activity with Lori Forte in her room at the Hilton. Later that evening I was arrested by the police and was informed by them that Lori Forte had told them that she had been forcibly raped by me.
 
 
 4
 The Magistrate, to whom a reference was made by the district court, made the following factual findings:
 
 
 5
 TWA's initial investigation led TWA to conclude that Stevenson had sexually assaulted Forte. On August 18, 1986, TWA informed Stevenson that he was being discharged for the alleged rape of Forte. During the pendency of his state criminal proceedings, Stevenson filed a grievance against TWA under the parties' collective bargaining agreement concerning his discharge. Stevenson's grievance was presented to the Arbitration Opinion and Awards System Board of Adjustments.
 
 
 6
 * * *
 
 
 7
 * * *
 
 
 8
 [T]he arbitration board found that TWA had violated the terms of the parties' collective bargaining agreement by TWA's failure to turn over to Stevenson statements that TWA acquired in its investigation of Forte's charges and to make witnesses available. Upon finding that the company had violated the collective bargaining agreement by failure to comply with Sec. 21-A-4, the arbitration board directed that Stevenson be reinstated with seniority and all other rights including back pay.[3]
 
 
 9
 (Magistrate Report.)
 
 
 10
 TWA responded by filing a motion for judgment on the pleadings which raised the issue of federal preemption under the Railway Labor Act (RLA):
 
 
 11
 All of the provisions of Title I of this Act [45 USCS Secs. 151-163], except the provisions of section 3 thereof [45 USCS Sec. 153], are extended to and shall cover every common carrier by air engaged in interstate or foreign commerce, and every carrier by air transporting mail for or under contract with the United States Government, and every air pilot or other person who performs any work as an employee or subordinate official of such carrier or carriers, subject to its or their continuing authority to supervise and direct the manner of rendition of his service.
 
 
 12
 45 U.S.C.S. Sec. 181 (1981).
 
 
 13
 45 U.S.C.S. Sec. 152 of the Railway Labor Act also provides:
 
 
 14
 First. Duty of carriers and employees to settle disputes. It shall be the duty of all carriers, their officers, agents, and employees to exert every reasonable effort to make and maintain agreements concerning rates of pay, rules, and working conditions, and to settle all disputes, whether arising out of the application of such agreements or otherwise, in order to avoid any interruption to commerce or to the operation of any carrier growing out of any dispute between the carrier and the employees thereof.
 
 
 15
 Magistrate Haynes recommended that TWA's motion be granted based on federal preemption, and the district court adopted this recommendation. Stevenson also moved for summary judgment on Forte's counterclaim against him, and Forte moved for summary judgment on Stevenson's claims.
 
 
 16
 Because the district court concluded that both Stevenson's and Forte's claims were covered under the RLA, it concluded that the district court lacked jurisdiction, and "[c]onsequently, the case is DISMISSED for lack of subject matter jurisdiction." (The district court also directed the parties to "pursue their remedies under the Railway Labor Act.") The district judge did not specifically address the pending summary judgment motions or the claims against Hilton and/or the other flight crew members.
 
 
 17
 We agree with the district court that the employee claims arising out of the described episodes against TWA, and its responses which it claims were based on prudent judgments under the circumstances, are covered by, and are also preempted by, RLA. Miller v. Norfolk and Western Railway Co., 834 F.2d 556 (6th Cir.1987); see also Minehart v. Louisville & Nashville Railroad Co., 731 F.2d 342 (6th Cir.1984); Brotherhood of Railway Carmen v. Norfolk & Western Railway Co., 745 F.2d 370 (6th Cir.1984), Lewy v. Southern Pacific Transportation Co., 799 F.2d 1281 (9th Cir.1986); Choate v. Louisville & Nashville Railroad Co., 715 F.2d 369 (7th Cir.1983). We conclude also that neither Lingle v. Norge Div. of Magic Chef, 486 U.S. 399, (1988) nor Atchison Topeka & Santa Fe Railway v. Buell, 480 U.S. 557 (1987) are controlling under the circumstances.
 
 
 18
 We AFFIRM the dismissal of all claims against TWA and its flight crew.[4] We REVERSE, however, the dismissal of the case by the district court insofar as there exist diversity claims between Stevenson and Forte, as well as the third party action asserted against Hilton.
 
 
 
 [1]
 Forte has also filed a motion to file a third party claim against Hilton Airport Inn (Hilton) at Nashville
 
 
 [2]
 Forte concedes that TWA undertook initial defense of the action and retained a local counsel for her. She now has her own counsel, and has joined the other TWA pilots on the flight crew as defendants together with TWA and Hilton
 
 
 [3]
 Section 21(A)(4) of the TWA collective bargaining agreement "specifically provides an exclusive remedy for employees of defendant TWA affected by any action of such company." (Emphasis added.)
 
 
 [4]
 We believe the district court was incorrect in directing the parties to pursue their remedies under RLA. The consequence of the dismissal merely permitted the parties to do so