**HAYES v. UNION PAC. R. CO. et al.**

**No. 12509.**

United States Court of Appeals
Ninth Circuit.

Aug. 30, 1950.

Rehearing Denied Oct. 20, 1950.

Harold M. Sawyer, San Francisco, Cal. (Archibald Bromsen, New York City, Gladstein, Anderson, Resner, & Leonard, San Francisco, Cal., of counsel), for appellant.

T. W. Bockes, W. R. Rouse, Elmer Collins and James A. Wilcox, all of Omaha, Neb., E. E. Bennett, Edward C. Renwick, Malcolm Davis and W. J. Schall, all of Los Angeles, Cal., for appellee Union Pac. R. R. Co.

Brobeck, Phleger & Harrison and Marion B. Plant, all of San Francisco, Cal., for appellee Dining Car Employees Union.

Before ORR, Circuit Judge, and GOODMAN and LEMMON, District Judges.

GOODMAN, District Judge.

This appeal tenders the question whether the United States District Court has jurisdiction under the Railway Labor Act, 45 U.S.C.A. § 151 et seq., of an employee's complaint charging racial discrimination in the performance of a collective bargaining agreement. The appellant Hayes for himself and others similarly situated, all of whom are Negro members of appellee Dining Car Employees Union Local #372, sought an injunction and other equitable relief in the court below against acts of alleged discrimination by respondent Railroad against appellant and his associates in the making of seniority assignments and promotions. The respondents' motion below to dismiss, for lack of jurisdiction over the subject matter, was granted. It was not claimed below nor here that the collective bargaining agreement executed by respondent Union, as the bargaining representative of the employees, and respondent Railroad, in any manner by its terms, directly or indirectly, provided for any discrimination against appellants. Appellants claimed below only that the conduct of the respondents in performing the agreement was discriminatory. It was also contended on ap-

peal that the respondents entered into the collective bargaining agreement with an undisclosed intention (somewhat vaguely described), of performing it in a discriminatory manner.

It is not necessary to state in detail the nature of the affidavits and of the pleadings constituting the record which the trial court had before it. These matters are fully set forth in the opinion of Chief Judge Michael J. Roche, the trial judge. D.C., 88 F.Supp. 108. We adopt his opinion. We add to it only to the extent of saying that it is clear to us that the Federal Courts are not charged by federal law with the duty or function of policing the parties in the performance of collective bargaining agreements entered into pursuant to the Railway Labor Act. Congress did not, by the Railway Labor Act, grant jurisdiction to the Federal Courts to afford relief for breaches of performance of collective bargaining agreements. Appropriate tribunals have been established for that purpose. 45 U.S.C.A. § 153; National Railroad Adjustment Board; Slocum v. D. L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577. It is only when collective bargaining agreements are unlawfully entered into or when the agreements themselves are unlawful in terms or effect, that federal courts may act. This is made quite clear by the Supreme Court in Steele v. L. & N. R. Co., 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 and Tunstall v. Brotherhood, 323 U.S. 210, 65 S.Ct. 235, 89 L.Ed. 187. The disposition of the cause made by the District Court is correct.

Affirmed.