Lorenza WILLIAMS, Plaintiff,

v.

TEXAS INTERNATIONAL AIRLINES, Air Transport District Lodge No. 146, International Association of Machinists and Aerospace Workers, and International Association of Machinists and Aerospace Workers, AFL–CIO, Defendants.

Civ. A. No. 76–H–1592.

United States District Court,
S. D. Texas,
Houston Division.

July 19, 1977.

---

Thomas C. Petley, Houston, Tex., for plaintiff.

Baker & Botts, Coyt Randal Johnston, Houston Tex., for defendant Texas Intern. Airlines.

Dixie, Wolf & Hall, Chris Dixie, Houston, Tex., for Air Transport Dist. Lodge No. 146 Intern. Assn. of Machinists and Aerospace Workers and Intern. Assn. of Machinists and Aerospace Workers, AFL–CIO.

## MEMORANDUM AND ORDER:

STERLING, District Judge.

This is an employment discrimination case brought against Texas International Airlines and Air Transport District Lodge No. 146 International Association of Machinists and Aerospace Workers and International Association of Machinists and Aerospace Workers, AFL–CIO, the union representing the allegedly aggrieved plaintiff. Plaintiff, in his original complaint, asserts two causes of action in two counts. Both are vague and put forth in general terms. The first count is aimed at Texas International and charges that plaintiff was discriminated against due to his Negro race. The second cause of action is aimed primari-

ly at the Union, charging that the Union violated its duty of fair representation of all employees. Texas International was also included in this second count, as a knowing participant in the Union's violation of its duty of fair representation.

The facts underlying this suit are brought out in the deposition of the plaintiff. Plaintiff had been working in Houston for Texas International as a "cleaner" for approximately six months when he was notified on January 29, 1971, that a reduction in work force according to seniority status would be forthcoming. As he was low on the seniority list, plaintiff was aware that his job was in jeopardy. On February 5, 1971, plaintiff was notified that he would have to be placed on furlough until economic circumstances would allow the company to retain his services. About this time, plaintiff was offered a job by Texas International at his same position in McAllen, Texas. Plaintiff refused this opportunity, and chose to go on furlough beginning March 1, 1971. Plaintiff was never recalled by Texas International and, pursuant to the collective bargaining agreement involved, he was officially terminated on March 1, 1973. Under the collective bargaining agreement, a two year furlough without recall triggers automatic termination.

Plaintiff asserts in his original complaint that he filed an EEOC claim against Texas International on March 1, 1971. However, the record contains a copy of that complaint and plaintiff's own testimony in deposition unequivocally shows that such claim was filed on January 29, 1974. Again, according to plaintiff's original complaint, it is asserted that the EEOC issued a right to sue letter that was received on July 6, 1976. This suit was filed within ninety days of that date, on September 28, 1976.

Plaintiff, in his EEOC claim and in his deposition (and by his failure timely to respond to a Request for Admissions), admits that there are only two acts of discrimination of which he complains. First, he feels that he was unjustly put on furlough, while a white man, one E. F. Pacheco, who had less seniority than plaintiff, retained his job in Dallas, Texas. Second, plaintiff complains that he was discriminated against by not being taken off furlough, while white men were rehired and "hired off the street." Plaintiff had been employed by Texas International for only six months when he was notified of a possible cutback in the labor force. Plaintiff was then offered a job in McAllen, Texas, but chose to be furloughed rather than go to McAllen, in the hope that he would be recalled in Houston. Plaintiff now asserts that he should have taken the place of Pacheco in Dallas. The collective bargaining agreement clearly indicates that an employee must ask for seniority lists and must affirmatively ask to "bump" someone with less seniority. Yet the crux of the plaintiff's complaint is that Texas International did not inform him that there was an employee in Dallas with less seniority than the plaintiff, and that this failure to inform was a discriminatory practice. Plaintiff's second discriminatory assertion is that whites were taken off furlough and newly hired, while he remained on furlough.

Defendants, Texas International and the Union, have moved for summary judgment on the basis of limitations. Plaintiff has responded to the motion for summary judgment and has moved to amend his complaint. The amended complaint adds a third count, wrongful discharge as breach of contract.

■ Defendants' motions for summary judgment are aimed at the three discriminatory bases that the plaintiff asserts: 42 U.S.C. § 1981, 42 U.S.C. § 2000e–5, Art. 5526, V.A.T.S. (third count for wrongful discharge in the proposed amended complaint). First, defendants show that the EEOC charge was not filed until January 29, 1974. This was two years and 335 days from the date that plaintiff was furloughed. Moreover, even if the critical date be considered the final termination date, March 1, 1973, there still remains 335 days until the EEOC charge was filed. By statutory mandate, an EEOC charge must be filed within 180 days of the discriminatory

act if it is to be considered timely filed. The United States Court of Appeals for the Fifth Circuit has recognized the timely filing of a charge as a jurisdictional prerequisite to the filing of a suit in federal court. *East v. Romine, Inc.*, 518 F.2d 332 (5th Cir. 1975); see also *Gorman v. U. Miami*, 414 F.Supp. 1022 (S.D.Fla.1976) (ordering summary judgment for failure to meet jurisdictional requisite of 180 day filing). However, the Fifth Circuit has qualified this jurisdictional prerequisite rule in *Reeb v. Economic Opportunity Atlanta Inc.*, 516 F.2d 924 (5th Cir. 1975). The Court there held that the then ninety day filing was a jurisdictional prerequisite in the sense of a statute of limitations, and that the running of the time period could be tolled for equitable reasons. The equitable purpose the Court was looking to was the avoidance of the time running when the aggrieved plaintiff was unaware of the discrimination. Therefore the Court concluded that the time period for filing with the EEOC should not begin to run until facts that would support a charge of discrimination became apparent to the plaintiff in his reasonably prudent regard for his rights. The *Reeb* case does not prevent the running of the 180 days in this case since the plaintiff, at the latest, had all the facts that might support his claim on the date of his final termination, March 1, 1973. By then he had been on furlough for two years, he knew of his coming termination, and he had in his possession the seniority list for the time that he was originally furloughed. Yet during the two year furlough, plaintiff never attempted to "bump" those with less seniority, never inquired as to a Dallas position, and never filed an EEOC claim. There are no equitable considerations that suggest that the running of the 180 day time limit be tolled. Therefore, this Court does not have jurisdiction to hear the claim pursuant to 42 U.S.C. § 2000e-5.

■ Plaintiff has also asserted a claim of discrimination under 42 U.S.C. § 1981. An action brought under § 1981 must be filed within the applicable time limitations provided by state law, and such time limitation is not tolled by the filing of an EEOC claim. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). The applicable Texas statute for § 1981 claims is the two year limitations statute, Art. 5526, V.A.T.S. *Johnson v. Goodyear Tire & Rubber Co.*, 491 F.2d 1364 (5th Cir. 1974); *Franklin v. Crosby Type. Co. & Intl. Typo. Union*, 411 F.Supp. 1167 (N.D.Tex.1976). This suit was filed more than two years from plaintiff's date of final termination, therefore it is barred by the statute of limitations.

■ In his second count, plaintiff asserts that the defendant Union violated its duty of fair representation under the National Labor Relations Act. Texas International is accused of having participated in this violation of representational duty. First, it must be noted that Texas International and the Union are here covered by the Railway Labor Act, 45 U.S.C. § 151 et seq., and are not subject to the National Labor Relations Act. Plaintiff's cause of action is stated in broad terms, and is ambiguous as to whether it is a discriminatory charge under § 1981 or § 2000e, et seq., or a charge of statutory unfair labor practice. In either case the cause of action must be dismissed. If it is a discriminatory charge, it must fail for the same reasons discussed above pertaining to limitations. Plaintiff was aware or should have been aware of all the facts pertaining to the Union's alleged discrimination well before his final termination date. Therefore, the 180 days (§ 2000e-5) and two year (§ 1981; Art. 5526, V.A.T.S.) limitations periods preclude this claim. In addition to this bar, the claim of "unfair representation" was never made in the EEOC charge, and therefore is beyond the scope of a federal suit unless it meets the "like or related to" rule of the Fifth Circuit. *Vuyanich v. Republic Nat'l Bank of Dallas*, 409 F.Supp. 1083 (N.D.Tex. 1976). However, since the limitations bar is enough to preclude the claim, it is not necessary to consider the scope of the charge question.

■ If the plaintiff, on the other hand, considers his ambiguous second count to be

based on a pure statutory duty of fair labor representation, he is precluded nonetheless. The United States Supreme Court, in affirming the Fifth Circuit, has held that the Railway Labor Act provides an exclusive remedy for labor grievances and that exhaustion of such administrative remedies is a jurisdictional prerequisite to suit in federal court. *Andrews v. Louisville & Nashville Railroad Company*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972). There has been an attempt by a few circuits to carve an exception out of the *Andrews* exclusive remedy doctrine in cases of unfair representation. *Conrad v. Delta Air Lines*, 494 F.2d 914 (7th Cir. 1974); *Otero v. Intl. U. of Elec. R & M Wkrs.*, 474 F.2d 3 (9th Cir. 1973); *Schum v. South Buffalo Railway Co.*, 496 F.2d 328 (2d Cir. 1974). However, recent cases have not accepted this break from the exclusive remedy rule. *Harrison v. United Trans. Union*, 530 F.2d 558 (4th Cir. 1975); *Mills v. Long Island R.R. Co.*, 515 F.2d 181 (2d Cir. 1975); *Haney v. Chesapeake and Ohio Railroad Co.*, 162 U.S.App. D.C. 254, 498 F.2d 987 (1974); *Hill v. Southern Railway Co.*, 402 F.Supp. 414 (W.D.N.C. 1975); *Sensabaugh v. Railway Express*, 348 F.Supp. 1398 (W.D.Va.1972). Thus, before the plaintiff may bring his suit for unfair representation in federal court, he must first exhaust the administrative remedies provided in the Railway Labor Act. Then the suit may reach the federal courts which will hear the case on limited review. However, this court does not have jurisdiction to hear this charge of unfair representation at this time.

■ In his amended complaint, plaintiff asserts a third count to the effect that his wrongful termination was a breach of the collective bargaining agreement between his Union and Texas International. It is clear that a motion to amend should be denied where the amended complaint is subject to dismissal. *DeLoach v. Woodley*, 405 F.2d 496 (5th Cir. 1968). Plaintiff's third count is barred by the Texas two year statute of limitations. Art. 5526, V.A.T.S. For purposes of limitations a union employee's suit for a wrongful discharge is a suit upon an oral contract of employment and not upon a written collective bargaining agreement. *Rocha v. Mo. Pacific R.R.*, 224 F.Supp. 566 (S.D.Tex.1963); *Kelley v. Southern Pac. Co.*, 429 S.W.2d 583 (Tex.Civ. App.—El Paso, 1968, no writ). Therefore, the two year statute is applicable and plaintiff's claim for breach of his employment contract is barred.

Therefore, the motions for summary judgment of defendants are GRANTED and the motion for leave to amend of plaintiff is DENIED.