**Leonard D. RAUS, Delmar D. Steadman and Richard Tasto, Plaintiffs,**

v.

**BROTHERHOOD RAILWAY CARMEN OF the UNITED STATES AND CANADA et al., Defendants.**

**Civ. No. 80–2–W.**

United States District Court, S. D. Iowa, W. D.

Oct. 7, 1980.

---

Bruce D. Fleming, Council Bluffs, Iowa, Vincent P. Sutera, Papillion, Neb., for plaintiffs.

Frank W. Davis, Jr., Des Moines, Iowa, for C&NW.

Edward J. Hickey, Jr., Michael S. Wolly, Washington, D. C., and Robert E. Conley, Des Moines, Iowa, for unions.

## ORDER

O'BRIEN, District Judge.

This matter comes before the Court upon Defendant Chicago and North Western Transportation Company's Motion for Judgment on the Pleadings pursuant to the provisions of Fed.R.Civ.P. 12(c) and the Motions to Dismiss of all other defendants. After thorough consideration, the Court finds that this Court is presently without jurisdiction to hear this action and that it should, therefore, be dismissed and the preliminary injunction dissolved.

Defendant's primary contention, and the one which is dispositive of this motion, is that plaintiffs have not exhausted their administrative remedies under the Railway Labor Act (RLA), 45 U.S.C. §§ 151, et seq. Plaintiffs allege that the Labor Management Relations Act (LMRA), 29 U.S.C. §§ 141, et seq., rather than the RLA, is the proper statutory authority and that this act permits plaintiffs' suit in this court.

The law in this area, at least with respect to the issue before this Court, is confusing at best. A few propositions, however, are clear. First, an action by an employee against his or her union does not fall under the RLA. *Glover v. St. Louis–S.*

*F. R. Co.*, 393 U.S. 324, 328, 89 S.Ct. 548, 550, 21 L.Ed.2d 519 (1969); *Steele v. L. & N. R. Co.*, 323 U.S. 192, 207, 65 S.Ct. 226, 234, 89 L.Ed. 173 (1944); *Franklin v. Southern Pacific Transportation Co.*, 593 F.2d 899, 901 (9th Cir. 1979). This is because it is not a dispute *between* an employee or group of employees *and* a carrier or carriers. Railway Labor Act, 45 U.S.C. § 153 First (i). *Glover*, 393 U.S. at 328, 89 S.Ct. at 550, *see Hostetter v. Brotherhood of Railroad Trainmen*, 287 F.2d 457, 458 (4th Cir.), *cert. den.*, 368 U.S. 955, 82 S.Ct. 397, 7 L.Ed.2d 387 (1961). In this situation, the LMRA controls. *Hines v. Anchor Motor Freight*, 424 U.S. 554, 561–62, 96 S.Ct. 1048, 1054–55, 47 L.Ed.2d 231 (1976).[1] Second, an action between an employee and employer (such as the railroad) is appropriately, and exclusively, brought under the RLA.[2] *Andrews v. Louisville & Nashville RR.*, 406 U.S. 320, 325, 92 S.Ct. 1562, 1565, 32 L.Ed.2d 95 (1972). In this situation, it is mandatory that the provisions of the RLA, including compulsory arbitration, be followed.

The facts of this case do not fall directly under either of the above propositions. Plaintiffs, here, are clearly asserting two causes of action. One is against the employer (the Chicago and North Western Transportation Company) for breach of the collective bargaining agreement. The other is for breach by the Union of its duty of fair representation. This second cause of action is premised on plaintiffs' contention that the Union has failed and refused to properly and timely represent them and that such failure was in bad faith and a willful breach of the Union's duty to fairly represent them. The question posed by this set of facts is whether this Court has jurisdiction when two causes of action, one controlled by the LMRA and the other by the RLA, are presented. The Court concludes, under the facts of this case, that it does not.

The primary case relied upon by plaintiffs is *Glover v. St. Louis–S. F. R. Co.*, 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969). In that case, plaintiffs brought action against the union and railroad for discrimination in promotion. The Court stated:

It is true, as the respondents here contend, that this Court has held that the Railroad Adjustment Board has exclusive jurisdiction, under § 3 First (i) of the Railway Labor Act, set out below, to interpret the meaning of the terms of a collective bargaining agreement. We have held, however, that § 3 First (i) by its own terms applies only to "disputes between an employee or group of employees and a carrier or carriers." *Conley v. Gibson*, 355 U.S. 41, 44, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957). In *Conley*, as in the present case, the suit was one brought by the employees against their own union, claiming breach of the duty of fair representation, and we held that the jurisdiction of the federal courts was clear. In the present case, of course, the petitioners sought relief not only against their union but also against the railroad, and it might at one time have been thought that the jurisdiction of the Railroad Adjustment Board remains exclusive in a fair representation case, to the extent that relief is sought against the railroad for alleged discriminatory performance of an agreement validly entered into and lawful in its terms. See, e. g., *Hayes v. Union Pacific R. Co.*, 184 F.2d 337 (C.A. 9th Cir. 1950), cert. denied, 340 U.S. 942, 71 S.Ct. 506, 95 L.Ed. 680 (1951). This view, however, was squarely rejected in the *Conley* case, where we said, "[F]or the reasons set forth in the text we believe [*Hayes, supra*] was decided incorrectly." 355 U.S., at 44, n. 4, 78 S.Ct., at 101 n. 4. In this situation no meaningful distinction

---

1. Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, provides for suits in the district courts for violation of collective bargaining contracts between unions and employees. *Hines*, 424 U.S. at 561, 96 S.Ct. at 1054.

2. In this situation, the organizations are exempt from the NLRA. *Brotherhood of R. T. v. Jacksonville Term. Co.*, 394 U.S. 369, 376–77, 89 S.Ct. 1109, 1114, 22 L.Ed.2d 344 (1969). Further, federal courts do not have jurisdiction of these actions. *Corbin v. Pan Am World Airways, Inc.*, 432 F.Supp. 939, 942–43 (N.D. Cal.1977).

can be drawn between discriminatory action in negotiating the terms of an agreement and discriminatory enforcement of terms that are fair on their face. Moreover, although the employer is made a party to insure complete and meaningful relief, it still remains true that *in essence the "dispute" is one between some employees on the one hand and the union and management together on the other, not one "between an employee or group of employees and a carrier or carriers."* Id. at 328–29, 89 S.Ct. at 550–51 (emphasis added).

■ This language indicates that when, as here, there are two causes of action, the court must search the pleadings and determine the character of the "dispute." Support for this interpretation can be found in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), another case relied upon by plaintiff. In that case, the Court held the trial court had erred in finding that the Adjustment Board of the RLA had exclusive jurisdiction. The Court noted that "this case involves no dispute between employee and employer ...." *Id.* at 44, 78 S.Ct. at 101. The Court then added: "[T]he contract between the Brotherhood and the Railroad will be, at most, only incidentally involved in resolving this controversy between petitioners and their bargaining agents." *Id.* at 45, 78 S.Ct. at 101. Again, this language implies that if the contract between the union and the railroad had been more than "incidentally" involved, the trial court would not have had jurisdiction. *Steele v. Louisville and Nashville RR.*, 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944), the third case cited by plaintiffs, is of no aid in answering this question. That case was limited to a suit by an employee against the union.

The authority cited by the defendant, Chicago and North Western Transportation Co., is, likewise, not controlling. *Andrews v. Louisville & Nashville RR.*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972), was an action by the employee against the railroad

for wrongful discharge. No claim was made against the union and the union was not a party to the suit. *Id.* at n.*.

■ The Court, therefore, finds it necessary to examine the allegations of the complaint. Plaintiffs allege violations of the collective bargaining agreement by the Chicago and North Western Transportation Company in not allowing plaintiffs to participate in the apprentice program adopted by the employer and the bargaining unit for the plaintiffs. The Court believes that this is the heart of plaintiffs' claim.

Plaintiffs' second cause of action is that the union breached its duty of fair representation. This claim arose as a result of the alleged failure of the union to represent the plaintiffs in enforcing their rights to enter the apprentice program. Clearly this claim is secondary to that against the employer. Unlike the litigants in *Glover*, the "essence" of this dispute is between an employee and a carrier. The fact that the union is also a party defendant does not "alter the basis of the claim which primarily involves contractual interpretation." *Goclowski v. Penn Central Transportation Co.*, 571 F.2d 747, 755–56 (3d Cir. 1978).

The Court therefore finds that the plaintiffs have failed to exhaust their administrative remedies under the RLA on their primary claim and therefore this Court is without jurisdiction to entertain this action. *Smith v. Atlantic Coast Line RR.*, 421 F.2d 1400, 1401 (5th Cir. 1970); *Roberts v. Lehigh & New England RR.*, 323 F.2d 219, 222 (3d Cir. 1963).

■ The Court also finds that the Adjustment Board under the RLA is the proper forum for the plaintiffs to pursue their claim. The duty of that board is to arbitrate "minor" claims—i. e., those grievances that arise daily between employees and carriers regarding rates of pay, rules and working conditions. *Union Pacific R. Co. v. Sheehan*, 439 U.S. 89, 94, 99 S.Ct. 399, 402,

58 L.Ed.2d 354 (1978).[3] The present claim falls within this definition and therefore arbitration under the RLA is required. *Internat'l Ass'n of Machinists, AFL–CIO v. Northwest Airlines, Inc.,* 304 F.2d 206, 209–10 (8th Cir. 1962). The Court cannot assume, under this record that resort to the Adjustment Board would be "futile" as alleged by plaintiffs.

■ The Court notes that this ruling does not preclude plaintiffs from taking their claim of unfair representation to the Adjustment Board. *Williams v. Texas Internat'l Airlines,* 435 F.Supp. 703, 707 (S.D. Texas 1977); *Corbin v. Pan Am World Airways, Inc.,* 432 F.Supp. 939, 942–43 (N.D. Cal.1977); *see Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 567, 96 S.Ct. 1048, 1057, 47 L.Ed.2d 231 (1976).

■ Plaintiffs argue that they have taken the procedure as far as they can. The Court does not agree. Under the RLA, an employee can pursue his grievance on his own behalf before the Adjustment Board. 45 U.S.C. § 153 First (j); *Elgin, J. & E. R. Co. v. Burley,* 327 U.S. 661, 664, n.4, 66 S.Ct. 721, 722, n.4, 90 L.Ed. 928 (1946). Further, counsel for the union, in oral argument on this matter, has offered to aid the plaintiffs in their cause to any extent not inconsistent with the union's position. The Court encourages–and expects–such action by the union.

For the above stated reasons,

IT IS ORDERED that defendant, Chicago and North Western Transportation Company's, Motion for Judgment on the Pleadings be, and hereby is, granted on the grounds that this Court lacks jurisdiction of the subject matter of this complaint.

IT IS FURTHER ORDERED that defendant, Brotherhood Railway Carmen of the United States and Canada's, Motion to Dismiss be, and hereby is, granted as this Court lacks jurisdiction of the subject matter of this complaint.

IT IS FURTHER ORDERED that defendant, Brotherhood Railroad Carmen of the United States and Canada, Bluff City Lodge No. 93, Council Bluffs, Iowa's, Motion to Dismiss be, and hereby is, granted, as this Court lacks jurisdiction of the subject matter of the complaint.

IT IS FURTHER ORDERED that the temporary restraining order entered on January 18, 1980 and continued to this date is hereby dissolved.

**3.** For other definitions of what constitutes a "minor" dispute, *see Elgin, J. & E. Ry. v. Burley,* 325 U.S. 711, 722 24, 65 S.Ct. 1282, 1289 · 90, 89 L.Ed. 1886 (1945); *Reed v. National Air Lines, Inc.,* 524 F.2d 456, 459 (5th Cir. 1975); *Brotherhood of R. C. v. Chicago & N. W. Ry.,* 354 F.2d 786, 791 -92 (8th Cir. 1965).