Leonard R. RAUS, Delmar D. Steadman and Richard Tasto, Appellants,

v.

BROTHERHOOD RAILWAY CARMEN OF the UNITED STATES AND CANADA, and Brotherhood Railroad Carmen of United States and Canada, Bluff City Lodge No. 93, Council Bluffs, Iowa and The Chicago and North Western Transportation Company, Appellees.

No. 80–2036.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 17, 1981.

Decided Nov. 10, 1981.

---

George Sutera, Vincent P. Sutera, Sutera & Sutera, Papillion, Neb., and Bruce D. Fleming, Atty. at Law, Council Bluffs, Iowa, for plaintiffs-appellants.

Frank W. Davis, Jr. (argued), Gamble, Riepe, Burt, Webster & Davis, Des Moines, for defendant-appellee, Chicago and North Western Transportation Co.

Mulholland & Hickey, Edward J. Hickey, Jr., Michael S. Wolly (argued), Washington, D. C., for Union defendants-appellees.

Before LAY, Chief Judge, HEANEY and ROSS, Circuit Judges.

ROSS, Circuit Judge.

Appellants challenge the district court's[1] orders granting the appellee railroad's motion for judgment on the pleadings and the appellee union's motion to dismiss under Fed.R.Civ.P. 12. The district court sustained these motions based on its conclusion that it lacked subject matter jurisdiction over the appellant's claims.[2] For the reasons stated herein, this court must affirm in part and reverse and remand in part to the district court.

## I. Background

Appellants are three employees of the Chicago and Northwestern Transportation Company and members of the Brotherhood of Railway Carmen of the United States and Canada. In January of 1980 these employees filed a complaint in federal district court against the railroad and union loosely alleging that the railroad breached the collective bargaining agreement it had with the union by not allowing the appellant employees to enter an apprentice training program. The appellants also alleged that the union violated its duty of fair representation by not enforcing their rights under the collective bargaining agreement. Appellants asserted that the Labor Management Relations Act (LMRA), 29 U.S.C. §§ 141–185, provides the statutory authority for their suit in federal district court.[3]

Appellees argued that the Railway Labor Act (RLA), 45 U.S.C. §§ 151–188 (1976), governs this suit, and because the appellants have not exhausted their administrative remedies under that Act, the district court lacks subject matter jurisdiction. The district court framed the issue in this case as "whether this court has jurisdiction when two causes of action, one controlled by the LMRA and the other by the RLA, are presented." *Raus v. Brotherhood of Railway Carmen*, 498 F.Supp. 1294, 1297 (S.D. Iowa 1980).

---

1. The Honorable Donald E. O'Brien, United States District Judge for the Southern District of Iowa.

2. *See Raus v. Bhd. Ry. Carmen*, 498 F.Supp. 1294 (S.D.Iowa 1980) for the district court's opinion.

3. Specifically appellants alleged that 29 U.S.C. § 185(a) and (c) (1976) confer subject matter jurisdiction on this court:

    (a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

    \*    \*    \*    \*    \*    \*

    (c) For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members.

■ The district court's statement of the general law applicable to labor disputes is substantially correct. Generally, under 45 U.S.C. § 153 First (i) of the Railway Labor Act,[4] minor disputes[5] between an employee and the railroad concerning terms of the collective bargaining agreement are within the exclusive jurisdiction of the National Railroad Adjustment Board. *Andrews v. Louisville and Nashville Railroad*, 406 U.S. 320, 322, 325, 92 S.Ct. 1562, 1564, 1565, 32 L.Ed.2d 95 (1972). *See Union Pacific Railroad v. Sheehan*, 439 U.S. 89, 93, 99 S.Ct. 399, 402, 58 L.Ed.2d 354 (1978); *Glover v. St. Louis-San Francisco Railway*, 393 U.S. 324, 328, 89 S.Ct. 548, 550, 21 L.Ed.2d 519 (1969). Suits by employees against only their unions for a breach of the duty of fair representation do not fall under the explicit provisions of the Railway Labor Act because they are not "disputes between an employee or group of employees and a carrier or carriers" within the meaning of the Railway Labor Act.[6] *Glover v. St. Louis-San Francisco Railway, supra*, 393 U.S. at 328, 89 S.Ct. at 550; *Conley v. Gibson*, 355 U.S. 41, 44, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957). "[I]t is beyond cavil that a suit against the union for breach of its duty of fair representation is not within the jurisdiction of the National Railroad Adjustment Board * * *."[7] *Czosek v. O'Mara*, 397 U.S. 25, 27–28, 90 S.Ct. 770, 772–773, 25 L.Ed.2d 21 (1970).

■ However, the district court did err in concluding that the Labor Management Relations Act applied to the appellant railroad employees' cause of action against their union. Although Section 301 of the LMRA, 29 U.S.C. § 185, has been construed as providing an implied statutory basis for suits in federal district court by employees against their unions for unfair representation,[8] 29 U.S.C. § 152(2) and (3) expressly exempt from the LMRA, employers and employees subject to the Railway Labor Act. *Brotherhood of Railroad Trainmen v. Jacksonville Terminal Co.*, 394 U.S. 369, 376, 89 S.Ct. 1109, 1114, 22 L.Ed.2d 344 (1969); *Brotherhood of Locomotive Firemen and Enginemen v. United Transportation Union*, 471 F.2d 8, 9 (6th Cir. 1972). Thus, federal courts do not have jurisdiction under 29 U.S.C. § 185 over suits brought by parties that are covered by the Railway Labor Act. *See Corbin v. Pan American World Airways, Inc.*, 432 F.Supp. 939 (N.D. Cal.1977); *Bruno v. Northeast Airlines, Inc.*, 229 F.Supp. 716 (D.Mass.1964).[9]

4.   (i) The disputes between an employee or group of employees and a carrier or carriers growing out of grievances or out of the interpretation or application of agreements concerning the rates of pay, rules, or working conditions, including cases pending and unadjusted on June 21, 1934, shall be handled in the usual manner up to and including the chief operating officer of the carrier designated to handle such disputes; but, failing to reach an adjustment in this manner, the disputes may be referred by petition of the parties or by either party to the appropriate division of the Adjustment Board with a full statement of the facts and all supporting data bearing upon the disputes.
45 U.S.C. § 153 First (i) (1976).

5.   The Court has described minor disputes as "grievances that arise daily between employees and carriers regarding rates of pay, rules and working conditions." *Union Pacific R. v. Sheehan*, 439 U.S. 89, 94, 99 S.Ct. 399, 402, 58 L.Ed.2d 354 (1978). There is no challenge in the present case to the district court's conclusion that the dispute between the employees and the railroad was minor. *See Raus v. Bhd. Ry. Carmen*, 498 F.Supp. at 1297.

6.   *See* note 4 *supra*.

7.   The district court's apparent finding that the employees are not precluded from taking their unfair representation claims before the Adjustment Board, *see* 498 F.Supp. at 1298, was in error. The Railroad Adjustment Board has no power to order relief on such claims. *Glover v. St. Louis-S. F. Ry.*, 393 U.S. at 329, 89 S.Ct. at 551; *Conley v. Gibson*, 355 U.S. at 45, 78 S.Ct. at 101.

8.   *See, e. g., Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 564, 96 S.Ct. 1048, 1056, 47 L.Ed.2d 231 (1976); *Vaca v. Sipes*, 386 U.S. 171, 182, 87 S.Ct. 903, 912, 17 L.Ed.2d 842 (1967); *Humphrey v. Moore*, 375 U.S. 335, 342–43, 84 S.Ct. 363, 367–368, 11 L.Ed.2d 370 (1964).

9.   However, see Section II of this opinion, *infra*, for a further discussion of jurisdictional grounds for a claim based on a breach of the duty of fair representation.

In light of the above this court believes that the issue presented in this case on appeal is as follows: In the absence of exhaustion of proceedings before the Adjustment Board under the Railway Labor Act, do federal courts have subject matter jurisdiction to entertain a suit by employees in which a cause of action against the employer railroad for violation of the collective bargaining agreement is joined with a cause of action against the union for breach of its duty of fair representation in not pursuing a grievance arising out of that alleged violation of the collective bargaining agreement?

## II. Jurisdiction Concerning the Cause of Action Against the Union

█ Although the exact legal basis for its conclusion that it did not have subject matter jurisdiction is not clear,[10] the district court dismissed the appellants' complaint as to the union on these grounds. We find that the district court erred in dismissing the complaint as it relates to the union's breach of its duty of fair representation.

It is well established that a

suit against the union for breach of its duty of fair representation is not within the jurisdiction of the National Railroad Adjustment Board or subject to the ordinary rule that administrative remedies should be exhausted before resort to the courts. * * * The claim against the union defendants for the breach of their duty of fair representation is a discrete claim quite apart from the right of individual employees expressly extended to them under the Railway Labor Act to pursue their employer before the Adjustment Board.

*Czosek v. O'Mara, supra*, 397 U.S. at 28, 90 S.Ct. at 772–773 (citations and footnote omitted). This is true regardless of the fact that the fair representation claim stems from the failure of the union to process a grievance arising out of a violation of the collective bargaining agreement. *Id. Conley v. Gibson, supra*, 355 U.S. at 44–45, 78 S.Ct. at 101–102.

██ The statutory duty of fair representation by a union is judicially "implied from the [Railway Labor Act] and the policy which it has adopted." *Steele v. Louisville and Nashville Railroad*, 323 U.S. 192, 204, 65 S.Ct. 226, 232, 89 L.Ed. 173 (1944).[11]

10. This conclusion may have rested in part on the court's erroneous findings that: (1) the LMRA applies to fair representation suits by railroad employees against their union, or (2) the Railroad Adjustment Board has jurisdiction to hear such claims. It may have also stemmed from the district court's belief that the plaintiff's fair representation claim against the union was only secondary to the collective bargaining claim upon which administrative remedies against the railroad under the RLA had yet to be exhausted. *See Raus v. Bhd. Ry. Carmen*, 498 F.Supp. at 1297.

11. Recently the Supreme Court reiterated this basic principle and stated that:

This Court first recognized the statutory duty of fair representation in *Steele v. Louisville & Nashville R. Co.*, 323 U.S. 192 [65 S.Ct. 226, 89 L.Ed. 173] (1944), a case arising under the Railway Labor Act. *Steele* held that when Congress empowered unions to bargain exclusively for all employees in a particular bargaining unit, and thereby subordinated individual interests to the interests of the unit as a whole, it imposed on unions a correlative duty "inseparable from the power of representation" to exercise that authority fairly. *Id.*, at 202–204 [65 S.Ct. at 232 233];

see *Humphrey v. Moore*, 375 U.S. 335, 342 [84 S.Ct. 363, 367, 11 L.Ed.2d 370] (1964); *Vaca v. Sipes*, 386 U.S. 171, 182 [87 S.Ct. 903, 912, 17 L.Ed.2d 842] (1967); *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 564 [96 S.Ct. 1048, 1056, 47 L.Ed.2d 231] (1976). The fair representation doctrine thus serves as a "bulwark to prevent arbitrary union conduct against individuals stripped of traditional forms of redress by the provisions of federal labor law." *Vaca v. Sipes, supra*, 386 U.S. at 182, 87 S.Ct. at 912. Under the doctrine, a union must represent fairly the interests of all bargaining-unit members during the negotiation, administration, and enforcement of collective-bargaining agreements. See, *e. g., Conley v. Gibson*, 355 U.S. 41, 46 [78 S.Ct. 99, 102, 2 L.Ed.2d 80] (1957); *Humphrey v. Moore, supra* [375 U.S.] at 342 [84 S.Ct. at 367]; *Hines v. Anchor Motor Freight, Inc., supra* [424 U.S.] at 563–567 [96 S.Ct. at 1055–1057]. In particular, a union breaches its duty when its conduct is "arbitrary, discriminatory, or in bad faith," as, for example, when it "arbitrarily ignore[s] a meritorious grievance or process[es] it in [a] perfunctory fashion." *Vaca v. Sipes, supra* [386 U.S.] at 190, 191 [87 S.Ct. at 916–917].

Federal court jurisdiction over such a suit is clearly granted under 28 U.S.C. § 1337 (1976) [12] since it is one "arising under a law regulating commerce of which the federal courts are given jurisdiction * * *." *Tunstall v. Brotherhood of Locomotive Firemen and Enginemen*, 323 U.S. 210, 213, 65 S.Ct. 235, 237, 89 L.Ed. 187 (1944) (citations omitted). The fact that the appellants mistakenly plead 29 U.S.C. § 185 as the basis for jurisdiction is not fatal to their complaint. The general rule is that where a basis for federal court jurisdiction appears clearly from an examination of the face of the complaint, the court may sustain the suit even if the plaintiff has not relied upon that basis. *Vukonich v. Civil Service Commission*, 589 F.2d 494, 496 n.1 (10th Cir. 1978); *Harary v. Blumenthal*, 555 F.2d 1113, 1115 n.1 (2d Cir. 1977); *Mumford v. Glover*, 503 F.2d 878, 882 (5th Cir. 1974); *Rock v. Bryant*, 459 F.Supp. 64, 67 (E.D. Ark.), *aff'd*, 590 F.2d 340 (8th Cir. 1978); C. Wright & A. Miller, Federal Practice and Procedure §§ 1206, 1210 (1969).

The next question is whether, since the district court clearly has jurisdiction over the fair representation cause of action, the court also has jurisdiction over a cause of action against the railroad that is joined with that claim?

## III. Jurisdiction as to the Railroad

We agree with the district court that, beyond the basic principles set forth in Section I of this opinion, the law in this area is somewhat confusing. We also agree that the district court lacked jurisdiction over the appellants' cause of action against the railroad for a violation of the collective bargaining agreement in this case. However, we do not agree with the analysis employed by the district court in reaching that conclusion.

Appellants argue that this suit is a single hybrid dispute between the employees on one hand and the union and management together on the other. Therefore, they assert that it falls within the purview of those cases granting federal court jurisdiction to such hybrid suits. Appellees assert, and the district court found, that because: (1) the essence of the dispute is the alleged violation of the collective bargaining agreement by the railroad, which is within the exclusive jurisdiction of the Railroad Adjustment Board under the RLA, and (2) the appellants have failed to exhaust those remedies, the district court lacks jurisdiction, regardless of the fact that the union was made a party defendant in the suit. *Raus v. Brotherhood of Railway Carmen, supra*, 498 F.Supp. at 1297.

The Supreme Court has explicitly avoided the issue presented by this case. In *Czosek v. O'Mara, supra*, the Court stated:

> [W]e have no occasion to consider whether under federal law, which governs in cases like these, the employer may always be sued with the union when a single series of events gives rise to claims against the employer for breach of contract and against the union for breach of the duty of fair representation or whether, as the Court of Appeals held, when there are no allegations tying union and employer together, the union is suable in the District Court for breach of duty but resort must be had to the Adjustment Board for a remedy against the employer.

397 U.S. at 29–30, 90 S.Ct. at 773–774.

Nevertheless, decisions by the Supreme Court and the circuits provide guidelines as to what the appropriate rule should be. The leading Supreme Court decision in this area, relied on by both the appellants and the district court, is *Glover v. St. Louis-San Francisco Railway, supra*. In *Glover*, where employees brought suit against the railroad and the union based on the railroad's failure to promote the employees, the plaintiffs alleged that the railroad and the union offi-

*Int'l Bhd. Electrical Workers v. Foust*, 442 U.S. 42, 46–47, 99 S.Ct. 2121, 2124–2125, 60 L.Ed.2d 698] (1979) (footnote omitted).

**12.** 28 U.S.C. § 1337 provides: "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."

cials had entered into a secret agreement to discriminate against plaintiffs because of their race in violation of the collective bargaining agreement. 393 U.S. at 325, 89 S.Ct. at 549. In reversing the district court's decision dismissing the complaint, the Court stated:

It is true, as the respondents here contend, that this Court has held that the Railroad Adjustment Board has exclusive jurisdiction under § 3 First (i) of the Railway Labor Act, set out below, to interpret the meaning of the terms of a collective bargaining agreement. We have held, however, that § 3 First (i) by its own terms applies only to "disputes between an employee or group of employees and a carrier or carriers." *Conley v. Gibson*, 355 U.S. 41, 44 [78 S.Ct. 99, 101, 2 L.Ed.2d 80] (1957). In *Conley*, as in the present case, the suit was one brought by the employees against their own union, claiming breach of the duty of fair representations, and we held that the jurisdiction of the federal courts was clear. In the present case, of course, the petitioners sought relief not only against their union but also against the railroad, and it might at one time have been thought that the jurisdiction of the Railroad Adjustment Board remains exclusive in a fair representation case, to the extent that relief is sought against the railroad for alleged discriminatory performance of an agreement validly entered into and lawful in its terms. See, *e. g., Hayes v. Union Pacific R. Co.*, 184 F.2d 337 (C.A. 9th Cir. 1950), cert. denied, 340 U.S. 942 [71 S.Ct. 506, 95 L.Ed. 680] (1951). This view, however, was squarely rejected in the *Conley* case, where we said, "[F]or the reasons set forth in the text we believe [*Hayes, supra*] was decided incorrectly." 355 U.S., at 44, n. 4 [78 S.Ct. at 101 n. 4.] In this situation no meaningful distinction can be drawn between discriminatory action in negotiating the terms of an agreement and discriminatory enforcement of terms that are fair on their face. Moreover, although the employer is made a party to insure complete and meaningful relief, it still remains true that in

essence the "dispute" is one between some employees on the one hand and the union and management *together* on the other, not one "between an employee or group of employees and a carrier or carriers." Finally, the Railroad Adjustment Board has no power to order the kind of relief necessary even with respect to the railroad alone, in order to end entirely abuses of the sort alleged here. The federal courts may therefore properly exercise jurisdiction over both the union and the railroad. See also *Steele v. Louisville & Nashville R. Co.*, 323 U.S. 192 [65 S.Ct. 226, 89 L.Ed. 173] (1944).

393 U.S. at 328–29, 89 S.Ct. at 550–551 (emphasis added; footnotes omitted).

The district court in the instant case concluded that this language indicates that when there are two causes of action "the court must search the pleadings and determine the character of the 'dispute.'" *Raus v. Brotherhood of Railway Carmen, supra*, 498 F.Supp. at 1297. The court then examined the pleadings and determined that the "essence" or "heart" of appellants' claim was for violations of the collective bargaining agreement in not allowing appellants to enter the apprentice program. The court characterized the fair representation claim against the union for its failure to represent the appellants in grievance procedures as being secondary to the primary aspect of contractual interpretations. Therefore, the court concluded because the "plaintiffs have failed to exhaust their administrative remedies under the RLA on their primary claim * * * this Court is without jurisdiction * * *." *Id.*

We agree with the district court that the language of *Glover* indicates that a characterization of the nature of the dispute is necessary. However, we disagree with the court's apparent conclusion as to the salient factors to be considered. As we interpret *Glover*, in light of its language and factual context, the most critical factor in determining whether the court has jurisdiction over the railroad in the instant case is whether the suit is essentially a suit between "some employees on the one hand

and the union and management *together* on the other." 393 U.S. at 329, 89 S.Ct. at 551 (emphasis supplied). In other words, the question is whether there are well-plead allegations of something like collusion between the railroad and the union in denying the employee their rights under the contract and the Railway Labor Act.

This approach receives substantial support from the other circuits.[13] In *Richins v. Southern Pacific Co.*, 620 F.2d 761 (10th Cir. 1980), *cert. denied*, 449 U.S. 1110, 101 S.Ct. 918, 66 L.Ed.2d 838 (1981), a suit against the railroad for a violation of the collective bargaining agreement and against the union for a breach of its duty of fair representation by failing to enforce the agreement, the court discussed several factors supporting federal court jurisdiction over both the railroad and the union. In holding that jurisdiction existed, one of the factors relied upon was that "the alleged facts, viewed in a light most favorable to plaintiffs, are consistent with a pattern of collusion between [the] Union and Railroad." *Id.* at 762.

In *Price v. Southern Pacific Transportation Co.*, 586 F.2d 750 (9th Cir. 1978) the court stated:

> Access to such court depends upon an allegation by the discharged employee that the union of which he is a member breached its duty of fair representation. *See Czosek v. O'Mara*, 397 U.S. 25, 90 S.Ct. 770, 25 L.Ed.2d 21 (1970). Joinder of the employer is permissible when, as in this case, the employee alleges that the employer is implicated in the union's breach of its duty of fair representation.

*Id.* at 752.

The district court and the appellees rely on *Goclowski v. Penn Central Transportation Co.*, 571 F.2d 747 (3d Cir. 1978) apparently to support the proposition that the district court does not have jurisdiction over a suit joining the union and the railroad

where the primary basis of the claim involves contract interpretation. Admittedly, *Goclowski* supports this proposition. Furthermore, the court in *Goclowski* stated that it did not believe that *Glover* was applicable when the basis of the claim is primarily construction and interpretation of the existing collective bargaining agreement. *See* 571 F.2d at 756 n. 13. However, nothing in *Glover, Czosek* or any other Supreme Court case supports such a distinction. We agree with the Tenth Circuit in *Richins* that such a rule would emasculate *Glover* and *Czosek* since few fair representation suits do not involve substantial collective bargaining agreement interpretation. *See Richins v. Southern Pacific Co., supra*, 620 F.2d at 763 n. 3. Furthermore, as the court in *Goclowski* somewhat anomalously noted in concluding that the district court has jurisdiction over both the union and railroad in an unfair representation suit apparently not primarily involving contract interpretation, "the Railroad's collusion with the Union, if proved, would amount to an undermining of the basic collective bargaining agreements." *Goclowski v. Penn Central Transportation Co., supra*, 571 F.2d at 761 n. 18.

In light of the foregoing, we hold that where there are good faith allegations and facts supporting those allegations indicating collusion or otherwise tying the railroad and the union together in allegedly arbitrary, discriminatory or bad faith conduct [14] amounting to a breach of the duty of fair representation, the district court has jurisdiction over the union on the fair representation claim and over the railroad on the contract violation claim. Reading the complaint in the light most favorable to the appellant, as we must in cases of dismissals on pleadings, *see Florey v. Air Line Pilots Association, International*, 575 F.2d 673, 675 (8th Cir. 1978), we note that in the instant case there are neither allegations nor facts

---

**13.** Although this court has not previously passed on the issue presented by the instant case, the court has apparently recognized that collusion between the railroad and the union may be relevant in determining jurisdiction.

*See Mavis v. Bhd. Ry. Airline & .S. S. Clerks*, 585 F.2d 926, 931 (8th Cir. 1978).

**14.** See *Vaca v. Sipes*, 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967).

supporting allegations of collusion between the railroad and the union in denying the appellants access to the apprentice program in violation of the collective bargaining agreement. Therefore, we affirm the order of the district court granting the railroad's motion for judgment on the pleadings on the basis of a lack of subject matter jurisdiction. However, the district court's order sustaining the defendant union's motion to dismiss for lack of subject matter jurisdiction is reversed, with directions to reinstate the plaintiff employees' complaint as to the union for unfair representation.[15]

---

**15.** In light of the fact that plaintiffs' damages in their fair representation claim against the union may, in part, be dependent on the outcome in their separate action against the railroad before the Adjustment Board, see, e. g., Czosek v. O'Mara, 397 U.S. at 29, 90 S.Ct. at 773; Cronin v. Sears, Roebuck & Co., 588 F.2d 616, 619 (8th Cir. 1978), the district court may consider staying the action on the unfair representation claim until a decision is reached by the Adjustment Board on the claim against the railroad. See United States v. Great N. Ry., 337 F.2d 243, 246 (8th Cir. 1964); Goclowski v. Penn Central Transp. Co., 571 F.2d at 761 n. 19. Nothing in this opinion should be construed to prejudice the right of defendant union to attempt to terminate its involvement in this case, at the appropriate time, by use of affidavits and the summary judgment procedure.