Donald **ALSBURY**, Plaintiff-Respondent,

v.

**MISSOURI PACIFIC RAILROAD COMPANY**, Defendant-Appellant.

**No. 46549.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 27, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 27, 1984.

Stuart Symington, Jr., Kim Roger Luther, St. Louis, for defendant-appellant.

Philip T. Ayers, St. Ann, for plaintiff-respondent.

CRIST, Presiding Judge.

Defendant Missouri Pacific Railroad Company (Railroad) appeals from a judgment for plaintiff Alsbury on his claim for libel. The jury awarded $100 actual and $100,000 punitive damages. We reverse.

This is a companion case to *Barchers v. Missouri Pacific Railroad Company*, 669 S.W.2d 235 (Mo.App.E.D., 1984), which case is by reference made a part hereof. Alsbury and Elvin E. Barchers, employees of Railroad, were discovered sleeping on the job by their superiors on September 23, 1974. They were formally charged for this violation of work rules. An investigation was held pursuant to the provisions of the collective bargaining agreement between Railroad and Alsbury's union, the United Transportation Union (Union). Alsbury was dismissed, and Union grieved the dismissal.

The grievance ultimately was submitted for arbitration to a Public Law Board established under an agreement pursuant to the Railway Labor Act, 45 U.S.C. § 151 et seq. (1976) (R.L.A.). At this arbitration proceeding, an allegedly libelous letter sent by one Railroad official to another was introduced. This letter stated:

In addition to information contained in the investigation and write-up from Trainmaster W.E. Richmond, these two gentlemen had been a problem for quite some time in that it was necessary to counsel this crew quite frequently for their failure to perform work as requested by General Mills. They had a tendency to do the work to suit themselves, regardless of how General Mills requested their plan to be set up. They continually argued with the foreman at General Mills and at least three times a week I

**88**

would receive a telephone call from General Mills' Traffic Manager in regards to these two gentlemen.

Although neither General Mills or us were able to catch or prove it, we feel these gentlemen were stealing flour from the mill. Since their dismissal, General Mills tells me they have had no problems.

I have run across some lousy and rotten people in my time and these two rank close to the top as being the worst I have seen. I would be very hopeful that we would not be required to return them to service as they represent a very poor image of the Missouri Pacific.

The administrative arbitrator found this letter established Railroad had prejudged the case, tainting the dismissal. The men were reinstated, but, due to the serious nature of the violation, no back pay was awarded. Alsbury then filed this suit, claiming libel by reason of the introduction of the letter at the administrative hearing.

■ For the reasons stated in *Barchers, supra,* at 237–38, we hold this libel action was pre-empted by the Railway Labor Act.

■ Even if the R.L.A. did not pre-empt state action, Railroad was privileged to make the alleged libelous statements. The evidence adduced at trial of this case indicated that Railroad, and not Union, introduced the letter at the arbitration hearing. *Compare Barchers, supra,* at 237–38 (Union introduced letter). We assume, for purposes of this case, that Railroad was indeed responsible for the introduction of the letter. Alsbury, however, concedes he consented to the hearing. Having so consented, he took his chances as to what would be shown. *Turner v. Gateway Transportation Company, Inc.,* 569 S.W.2d 358, 360 (Mo.App.1978). With this factual distinction between the two cases in mind, we again refer to the discussion of the point in *Barchers,* and agree with the conclusion the statements were privileged, both because of plaintiff's consent, and because the statements were published dur-

ing a hearing of a quasi judicial body. *Barchers, supra.*

Judgment reversed.

PUDLOWSKI and SIMON, JJ., concur.