**508**

John BURKIN, Appellant,

v.

BURLINGTON NORTHERN RAILROAD
COMPANY, a corporation, R.I. Cherner
and J.W. Tolbert, Respondents.

No. 49263.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 7, 1985.

Jo B. Gardner, Monett, for appellant.

Donald E. Engle, Eric A. Cunningham, Jr., Daniel M. Buescher, St. Louis, for respondents.

CRIST, Judge.

Plaintiff appeals the dismissal of his petition on the ground the Railway Labor Act (RLA) preempted the subject matter of his action. We affirm.

The petition named as defendants the railroad, Trainmaster Cherner and Terminal Superintendent Tolbert. It is alleged defendants conspired against plaintiff following an on-the-job injury suffered by plaintiff and acted in concert to discharge him, following an investigation, for rule violations in connection with the injury. The objects of the conspiracy were to cover up railroad's negligence, deter plaintiff and others from seeking redress for injuries, and cause emotional distress. The petition, read broadly, attempts to state a claim for intentional tort, emotional distress and/or wrongful discharge.

The action was properly dismissed. Artful pleading does not change the fact this petition concerns a "minor dispute" cognizable under the RLA, 45 U.S.C. § 151 *et seq.* (1982). *Magnuson v. Burlington Northern, Inc.,* 576 F.2d 1367, 1369–70 (9th Cir.1978); *Carson v. Southern Ry. Co.,* 494 F.Supp. 1104, 1111–12 (D.S.C.1979). As the action concerns a "minor dispute" under the RLA, plaintiff's remedy is to employ the procedure provided by the act, which preempts state law. *Alsbury v. Missouri Pacific R. Co.,* 670 S.W.2d 87, 88 (Mo.App.1984); *Barchers v. Missouri Pacific R. Co.,* 669 S.W.2d 235, 237–38[1] (Mo. App.1984). Additionally, there is no cause of action in tort for wrongful discharge of an employee at will. *Dake v. Tuell,* 687 S.W.2d 191, 192–193 (Mo.banc 1985).

Judgment affirmed.

DOWD, P.J., and CRANDALL, J., concur.