618 F.Supp. 930 (1985)
C. Randolph EVANS, Plaintiff,
v.
MISSOURI PACIFIC RAILROAD COMPANY, and Joseph Falvey, Defendants.
No. 85-1317C(C).
United States District Court, E.D. Missouri.
September 9, 1985.
*931 Jack A. Strellis, Waterloo, Ill., for plaintiff.
Thomas R. Jayne, Donna Aronoff Smith, Thompson & Mitchell, St. Louis, Mo., for defendants.

MEMORANDUM
MEREDITH, District Judge.
This matter is before the Court upon defendants' motion to dismiss plaintiff's complaint because the Railway Labor Act, 45 U.S.C. § 151 et seq. (1982), requires that this case be submitted to arbitration, rather than adjudicated through court proceedings.
The relevant facts are as follows. Plaintiff was employed by defendant, Missouri Pacific Railroad Company (Missouri Pacific). Plaintiff was disabled and unable to work for more than one year. Plaintiff informed defendant's agent that he was capable of starting work again. An employment proceeding was conducted to determine which, if any, position plaintiff would hold. Plaintiff alleges that during the proceeding defendant Joseph Falvey, Missouri Pacific's agent, slandered plaintiff by stating that he could not be trusted to tell the truth. Plaintiff's complaint contains two counts. The first count alleges common law slander. The second count alleges injury and damages pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq.

Count I
Railroad employee disputes are governed by 45 U.S.C. § 151 et seq. (1982), known as the Railway Labor Act. The Act states that one of its general purposes is, "to provide for the prompt and orderly settlement of all disputes growing out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions." 45 U.S.C. § 151a(5) (1982).
In interpreting 45 U.S.C. § 151a(5), the Supreme Court has held that it covers minor disputes, those situations where the collective bargaining agreement is not being changed or created. Elgin, J. & E. R. Co. v. Burley, 325 U.S. 711, 723, 65 S.Ct. 1282, 1289, 89 L.Ed. 1886 (1945). Rather, a minor dispute arises when the meaning or application of the collective bargaining agreement is at issue or when a situation arises which is not covered by the agreement but which concerns the employment relationship. Id. The Ninth Circuit Court of Appeals has held that a claim by a railroad employee is a minor dispute if it is arguably governed by the collective bargaining agreement or "has a `not obviously insubstantial' relationship to the labor contract." Magnuson v. Burlington Northern, Inc., 576 F.2d 1367, 1369-70 (9th Cir. 1978), cert. denied, 439 U.S. 930, 99 S.Ct. 318, 58 L.Ed.2d 323 (1978).
Minor disputes involve the grievances that arise daily between employees and carriers regarding rates of pay, rules, and working conditions. Union Pacific R. Co. v. Sheehan, 439 U.S. 89, 94, 99 S.Ct. 399, 402, 58 L.Ed.2d 354 (1978), reh'g denied, 439 U.S. 1135, 99 S.Ct. 1060, 59 L.Ed.2d 98 (1979). Minor disputes involve specific grievances of a detailed or individual nature. Elgin, supra 325 U.S. at 724, 65 S.Ct. at 1290.
Minor disputes must be submitted to the National Railroad Adjustment Board for arbitration before a court may obtain jurisdiction. Andrews v. Louisville & Nashville R. Co., 406 U.S. 320, 322 & 325, 92 S.Ct. 1562, 1564 & 1565, 32 L.Ed.2d 95 (1972); See also Raus v. Brotherhood Ry. Carmen of U.S. and Canada, 663 F.2d 791, 794 (8th Cir.1981).
The National Railroad Adjustment Board's authority to hear these disputes is governed by 45 U.S.C. § 153 First (i) (1982). The Supreme Court has held that 45 U.S.C. § 153 First is "a mandatory, exclusive, and *932 comprehensive system for resolving grievance disputes ... [and was] intended by Congress to be the complete and final means for settling minor disputes." Locomotive Engrs. v. L. & N. R. Co., 373 U.S. 33, 38-39, 83 S.Ct. 1059, 1062, 10 L.Ed.2d 172 (1963). Congress considered it essential to keep minor disputes within the jurisdiction of the National Railroad Adjustment Board and out of the courts. Sheehan, supra 439 U.S. at 94, 99 S.Ct. at 402.
Courts have liberally construed the term minor dispute in order to give the National Railroad Adjustment Board wide power to arbitrate cases. Retaliatory discharge is considered a minor dispute. Landfried v. Terminal R. Ass'n. of St. Louis, 721 F.2d 254 (8th Cir.1983), cert. denied, ___ U.S. ___, 104 S.Ct. 1712, 80 L.Ed.2d 185 (1984); Minehart v. Louisville & Nashville R. Co., 731 F.2d 342 (6th Cir.1984); Jackson v. Consolidated Rail Corp., 717 F.2d 1045 (7th Cir.1983), cert. denied, 465 U.S. 1007, 104 S.Ct. 1000, 79 L.Ed.2d 233 (1984). Intentional infliction of emotional distress is considered a minor dispute. Magnuson, supra; Choate v. Louisville & Nashville R. Co., 715 F.2d 369 (7th Cir.1983). One United States District Court has held that slander is a minor dispute. Carson v. Southern Ry. Co., 494 F.Supp. 1104 (D.S.C. 1979).
The statutes and case law indicate that generally grievances between a railroad employee and the railroad company are minor disputes to be handled by the National Railroad Adjustment Board. However, federal courts will hear cases involving outrageous conduct, conduct that " `no reasonable man in a civilized society should be expected to endure.'" Farmer v. Carpenters, 430 U.S. 290, 302, 97 S.Ct. 1056, 1064, 51 L.Ed.2d 338 (1977). In determining whether conduct is outrageous and thus falls within the exception to the general rules, a court must balance the state's interest in controlling the conduct and whether such control would interfere with the federal scheme. Id. at 302-04, 97 S.Ct. at 1064-66.[1]
Because the state's interest in controlling certain conduct is a relevant factor in the balancing test, Missouri case law concerning railroad grievances will be considered. The Missouri Supreme Court has held that state and federal courts have only minimal responsibility in railway labor relations, and that parties must exhaust their administrative remedies. Cook v. Brotherhood of Sleeping Car Porters, 309 S.W.2d 579, 586 (Mo.1958). Missouri courts have also defined the term minor dispute broadly, giving the National Railroad Adjustment Board wide jurisdiction. Emotional distress and wrongful discharge are considered minor disputes and are handled by the National Railroad Adjustment Board. Burkin v. Burlington Northern R.R. Co., 690 S.W.2d 508 (Mo.Ct.App.1985). In Missouri, libel actions are considered minor disputes for the National Railroad Adjustment Board. Barchers v. Missouri Pacific R. Co., 669 S.W.2d 235 (Mo.Ct.App.1984); Alsbury v. Missouri Pacific R. Co., 670 S.W.2d 87 (Mo.Ct.App.1984).
Applying these rules, the present case is a minor dispute and thus falls within the jurisdiction of the National Railroad Adjustment Board. The alleged slander may concern the collective bargaining agreement since it occurred during a proceeding to decide if plaintiff should obtain a work position; in any event, the alleged slander concerns the employment relationship. Federal courts have liberally construed the term minor dispute, and the National Railroad Adjustment Board's corresponding authority. Under the facts in this case, slander is a minor dispute for the Adjustment Board. Finally, it is clear from the statutes and Supreme Court cases that courts should only hear railroad employee grievance cases when some outrageous conduct has occurred. There is no such outrageous conduct in this case and therefore no exception to the general rules.

Count II
Plaintiff contends that defendants' actions invoke liability under 45 U.S.C. § 51 *933 et seq. (1982). For the reasons set forth below, plaintiff's 45 U.S.C. § 51 claim will be dismissed.
45 U.S.C. § 51 et seq. is known as the Federal Employers' Liability Act (FELA). In interpreting FELA, the Supreme Court has held that the Act governs injuries or death resulting from accidents or diseases caused by working conditions. Urie v. Thompson, 337 U.S. 163, 180-81, 69 S.Ct. 1018, 1029-30, 93 L.Ed. 1282 (1949). Throughout their opinion, the Court interpreted the word injury to mean personal injury. Id. at 183-84. Similarly, the Fifth Circuit Court of Appeals has held that recovery under FELA is limited to personal injury cases. Yawn v. Southern Ry. Co., 591 F.2d 312, 317 (5th 1979), cert. denied, 442 U.S. 934, 99 S.Ct. 2869, 61 L.Ed.2d 304 (1979). FELA itself implies that it governs personal injury cases only. Plaintiff has not alleged any personal injury in his complaint.
Finally, 45 U.S.C. § 51 covers injuries due to the negligence of a common carrier. If proved, defendants' actions would constitute an intentional tort, not negligence.
For the above reasons, defendants' motion to dismiss plaintiff's complaint because the Railway Labor Act requires arbitration of this case, rather than court adjudication, will be granted.
NOTES
[1] Jackson v. Consolidated Rail Corp., supra at 1051-52 and Majors v. U.S. Air, Inc., 525 F.Supp. 853, 855 (D.Md.1981) are recent cases interpreting Farmer v. Carpenters.